464 So.2d 659 (1985)
John Lee GENTRY, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2554.
District Court of Appeal of Florida, Fourth District.
March 6, 1985.
Rehearing Denied March 29, 1985.
*660 John Lee Gentry, pro se.
No appearance for appellee.
HERSEY, Judge.
John Lee Gentry filed a motion below, seeking, by collateral attack, reversal of his conviction of and sentence for first degree murder. He is presently serving a life sentence at the Union Correctional Institution at Raiford, Florida. He appeals the trial court's summary denial of relief.
When confronted with a motion for relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, the trial court has basically four alternative methods of disposing of the motion, depending upon the facts of the particular case, as this and other Florida courts have pointed out on innumerable occasions:
First, the motion may be denied for failure to substantially comply with the requirements of the rule. Example: a motion not under oath.
Second, the motion may be summarily denied if, although proper in form, it is legally insufficient on its face. Example: a motion based entirely upon an alleged error that is properly reviewed upon direct appeal.
Third, the motion may be denied if the motion and the files and records in the case conclusively show that the movant is not entitled to relief. In such event the trial court is required to attach to the dispositive order so much of the record as will demonstrate that the prisoner is entitled to no relief. Example: a motion based entirely upon an alleged error that has been utilized as the ground for a previous 3.850 motion.
Fourth, the trial court may hold an evidentiary hearing to determine the merits of the prisoner's position. This is required in all cases other than those set forth above.
Where the motion is denied without an evidentiary hearing an appeal may be prosecuted under rule 9.100, Florida Rules of Appellate Procedure. Appeal after an evidentiary *661 hearing proceeds as an appeal under rule 9.140(b)(1)(C).
The motion presently before this court is based upon three grounds:
(1) that the prosecution suppressed certain tape recordings (claiming they had been lost) which contained information favorable to the defendant;
(2) that the trial court improperly admitted "gruesome and gory" photographs of the victim into evidence; and
(3) that the defendant received ineffective assistance of counsel.
The trial court denied the motion without an evidentiary hearing because it "contains no allegations or material facts of law that were not available to him during the first appeal." Gentry appeals the denial of his motion.
Ground one  Suppression of favorable evidence by the state.
Appellant's argument in his memorandum of law is somewhat difficult to follow, but his position seems essentially to be that the state had in its possession tape recordings of his confession which it refused to give him, claiming that the tapes had been lost. He contends that the tapes would have been favorable to him at trial in that they contained information to the effect that he was interrogated without having been given Miranda warnings and that he should have been convicted of no more than manslaughter.
As to this ground, the trial court erred in summarily denying the motion without holding an evidentiary hearing or attaching to its order "that portion of the record which conclusively shows the prisoner to be entitled to no relief."
If this ground was raised in one of Gentry's previous motions and was previously disposed of, he is barred from raising it in this motion. Hansen v. State, 420 So.2d 887 (Fla. 1st DCA 1982). However, it cannot be ascertained from the record be fore this court whether it was asserted previously.
Ground two  Improper admission into evidence of photographs.
This ground is not properly the subject of a motion for post-conviction relief since it was reviewable by direct appeal. "Included in this category is appellant's complaint about rulings of the trial judge relating to the admissibility of certain evidence... ." Ferby v. State, 404 So.2d 407, 408 (Fla. 5th DCA 1981) (citations omitted). See also McCrae v. State, 437 So.2d 1388 (Fla. 1983).
Ground three  Ineffective assistance of counsel.
Gentry raised this ground and received an evidentiary hearing in a previously disposed-of motion. He is precluded from filing a subsequent post-conviction motion which alleges the same ground for relief. Williams v. State, 392 So.2d 323 (Fla. 1st DCA 1980), appeal dismissed, 399 So.2d 1147 (Fla. 1981); Hansen, 420 So.2d at 887.
We reverse and remand to the trial court as to ground one only for an evidentiary hearing or for attachment to the trial court's order of that portion of the record showing the movant is not entitled to relief.
REVERSED and REMANDED.
WALDEN, J., concurs.
LETTS, J., dissents in part with opinion.
LETTS, Judge, dissents in part.
I would not fault the trial judge. In my view, the present pro se proceeding is an abuse of process.
Gentry's original appeal from his conviction was per curiam affirmed in 1976. He subsequently filed three motions for post-conviction relief during 1977 and 1978. The first was denied by the trial court after an evidentiary hearing and appealed to this court, which affirmed the lower court's denial. The second was also denied, but there is no indication as to whether it was appealed. The third was denied and appealed to this court, resulting in a per curiam affirmance in 1979.
How long must the system suffer this repetition? In my view, enough is enough. *662 It is significant that the defendant has not alleged when he made his startling discovery that the prosecution "hid" the tapes. Absent that vital allegation, I find his current motion in the trial court to be fatally defective. The new revised version of Rule 3.850, promulgated by the Supreme Court, would require the defendant to allege that the existence of the tapes was unknown to him until after the passage of two years from time of judgment and sentence. Moreover, the amendment also requires that the movant explain why he failed to raise this point in his multitude of previous motions. The amendment may not be technically appropriate here because of its effective date, but it is certainly indicative of the Supreme Court's current thinking which exactly parallels my own.
I would affirm in toto.