PER CURIAM.
Appellant seeks review of an order denying post-conviction relief.
The motion filed in the trial court sought relief based upon four grounds: 1) the jury *340 was prejudicially composed of all females and only one black person due to the state’s improper use of its peremptory challenges to exclude blacks and males, 2) trial counsel was ineffective for having failed to object to the state’s improper use of its peremptory challenges and to the resulting venire, 3) trial counsel was ineffective for having failed to demonstrate that appellant was arrested without a warrant and without probable cause, resulting in a subsequent tainted confession, and 4) trial counsel was ineffective for having failed to investigate and call witnesses whose testimony would have demonstrated an unlawful arrest.
Although the first ground is reviewable on direct appeal and, thus, not cognizable under Rule 3.850, Bush v. Wainwright, 505 So.2d 409 (Fla.1987), the remaining grounds are properly reviewable pursuant to said rule. Jones v. State, 446 So.2d 1059 (Fla.1984). In order to deny said motion without an evidentiary hearing, the court must attach records and files that conclusively demonstrate that movant is not entitled to relief. Gentry v. State, 464 So.2d 659 (Fla. 4th DCA 1985).
Accordingly, the order appealed from is reversed and the cause is remanded with directions to attach such portions of the record as will show that appellant is not entitled to any relief or grant appellant an evidentiary hearing.
DOWNEY, DELL and GARRETT, JJ., concur.