568 So.2d 1328 (1990)
Kendrick CROTTY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1180.
District Court of Appeal of Florida, Fourth District.
October 31, 1990.
Kendrick Crotty, Indiantown, pro se.
No appearance for appellee.
PER CURIAM.
Kendrick Crotty filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in the Broward circuit court, which summarily denied relief without explanation or attachment of supporting portions of the record. Crotty, who challenged his conviction and sentences for armed burglary and grand theft, appeals the trial court's summary denial of relief.
In his motion, Crotty identified three grounds for post-conviction relief. First, he argued that he was given an illegal split sentence. Next, he claimed that his conviction and sentence for two separate crimes, based on the same act, violated his right to protection from double jeopardy. His third claim was that he was deprived of effective assistance of trial counsel who waived his right to appeal.
As for this latter ground, it is not appropriate for post-conviction relief. Instead, it may be the subject of a potential petition for writ of habeas corpus. On grounds one and two, however, appellant stated legally sufficient grounds for due consideration under rule 3.850.
As for these two grounds, the state in its response filed in the trial court argued that they too were inadequate because the motion lacked an oath as required under rule 3.850. The motion did contain an oath, but the notary public who notarized appellant's oath did not identify appellant as the one taking the oath. This *1329 hypertechnical argument is without merit. A plain review of the language identifies the one taking the oath as the defendant in the rule 3.850 proceedings. Appellant is the only defendant, thus leaving no doubt that it is his oath being notarized.
Furthermore, a memorandum of law follows, whereupon appellant verifies all preceding pages. This verification is then notarized again. To be sure, appellant's motion and memorandum complies with rule 3.850 and Scott v. State, 464 So.2d 1171 (Fla. 1985).
The state also argues that the motion is misleading for failure to identify a previously filed motion for mitigation of sentence, which was denied September 20, 1989, and because it consists of mere conclusory allegations without factual support. These arguments are also without merit. The motion does adequately state grounds for review under rule 3.850. As such, the trial court erred in summarily denying relief under grounds one and two.
We reverse and remand to the trial court as to grounds one and two only, for an evidentiary hearing or for attachment to the trial court's order of that portion of the record showing that movant is not entitled to relief. Gentry v. State, 464 So.2d 659 (Fla. 1985).
REVERSED and REMANDED.
GUNTHER and POLEN, JJ., concur.
STONE, J., concurs specially with opinion.
STONE, Judge, concurring specially.
I concur only to note that I see no basis in the petition to require an evidentiary hearing on these grounds, but only the attachment of appropriate documents from the trial court record.