PER CURIAM.
This appeal follows a circuit court order attaching additional copies of portions of the record to its earlier order denying appellant’s motion for post-conviction relief. This second order was entered in response to our opinion in Taylor v. State, 583 So.2d 823 (Fla. 4th DCA 1991), reversing and remanding to the trial court for an eviden-tiary hearing or attachment of portions of the record showing the defendant is not entitled to relief.
Regrettably, what has been attached even this second time does not suffice to show that the defendant is not entitled to post-conviction relief. In particular, *451 the psychological reports attached to the order do not address defendant’s claim that he was intoxicated at the time of the incident in question. Neither do any of the attachments adequately address defendant’s other specific, related claims of ineffective assistance of counsel. In one instance, the court attaches pages from a transcript of a defense motion for new trial, denied by the trial judge who recited reliance on an incident report, an affidavit, and a police report on defendant’s consumption of alcohol. None of these items is attached.
We therefore are constrained to reverse and remand to the trial court for an evidentiary hearing or for attachment of all portions of the record necessary to show that defendant is not entitled to relief on his claims of ineffective assistance of trial counsel. Gentry v. State, 464 So.2d 659 (Fla. 4th DCA 1985).
HERSEY, POLEN and FARMER, JJ., concur.