PER CURIAM.
Defendant Smith appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The post-conviction relief motion alleged ineffectiveness of trial counsel based on trial counsel’s: (1) failure to file a written motion to strike the jury venire due to racial imbalance; (2) failure to conduct an independent investigation into Okeechobee jury selection practice to support a motion to challenge the jury ve-nire; (3) failure to furnish defendant’s only witness, Anthony Brown, to the state prosecutor, to testify on defendant’s behalf that he was not the person who sold Renea Daniel any rock cocaine; (4) failure to object to a jury instruction on the charge of sale of counterfeit substance in lieu of cocaine, where the instruction did not adequately define the term “substance.”
It is not evident that the trial court even required a response from the state before it summarily denied post-conviction relief. The order states that defendant’s conviction and sentence had been affirmed on appeal, and that the claims argued in appellant's motion for post-conviction relief either should have been raised on appeal or were “conclusions without statement of supporting facts.” The denial of post-conviction relief was challenged on rehearing unsuccessfully.
The trial court order failed to attach portions of the record or otherwise conclusively show that appellant is entitled to no relief. Also, the issues raised in the motion were legally sufficient. Lucas v. State, 552 So.2d 339 (Fla. 4th DCA 1989). Therefore, we reverse and remand to the trial court for an evidentiary hearing or for attachment of portions of the record showing the defendant is not entitled to relief. Taylor v. State, 583 So.2d 823 (Fla. 4th DCA 1991); Gentry v. State, 464 So.2d 659 (Fla. 4th DCA 1985).
GLICKSTEIN, C.J., and LETTS, J., concur.
STONE, J., dissents with opinion.