619 So.2d 515 (1993)
William KENDALL, Appellant,
v.
STATE of Florida, Appellee.
No. 93-0681.
District Court of Appeal of Florida, Fourth District.
June 16, 1993.
*516 William Kendall, Punta Gorda, pro se appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward L. Giles, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a trial court order which denied rehearing from an earlier order in which the court denied appellant's motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant raised specific challenges to his conviction and sentence for attempted sexual battery in grounds 4(a) through (f) of his motion, and we ordered a response and reply, limited to ground 4(f). We affirm as to the challenges raised in 4(a) through (e). As to ground 4(f), we reverse and remand with direction to proceed in accordance herewith.
In (f), appellant alleges denial of due process and presumably illegal sentencing for failure of the court to make specific findings of fact when enhancing his sentence under the Habitual Offender Act. This type of challenge has been acknowledged as appropriate for a collateral attack by rule 3.850 motion. See, e.g., Basilisco v. State, 593 So.2d 588 (Fla. 1st DCA 1992); Debose v. State, 580 So.2d 638 (Fla. 5th DCA 1991).
Appellant argues that the trial court simply made a general statement that because of his record, the seriousness of the offense and to protect the public, his sentence would be enhanced. Taking judicial notice of the appellant's direct appeal file in this court, we see that his sentence refers to a separate order or findings in the court record supporting his classification as an habitual offender. However, the full record of the proceedings is no longer in this court, as the appellate file is closed. Thus, we cannot review the record to determine whether appellant's claim contains merit.
The trial court order denied relief in part because the notary section of the motion did not comport with the technical requirements of section 117.05(16), Florida Statutes (Supp. 1992), which require the notary to state whether the affiant was personally known to him or her, or whether the affiant produced identification. However, in Crotty v. State, 568 So.2d 1328 (Fla. 4th DCA 1990), this court rejected a similar challenge to a rule 3.850 motion's notary section. We find no case law support for the trial court's summary rejection of the motion for this reason.
The trial court also denied relief on the grounds that the claims in the motion should have been raised on direct appeal. However, that reasoning does not apply to challenges to the legality of sentencing, which is the challenge in 4(f). Vause v. State, 502 So.2d 511 (Fla. 1st DCA), rev. denied, 511 So.2d 1000 (Fla. 1987).
The state's response filed in this court argued that appellant's rule 3.850 motion was untimely, but that is refuted by the record. The state also attempted to refute the challenge to the habitual offender sentence by making references to the record not attached to the trial court's order of summary denial, and argued application of State v. Rucker, 613 So.2d 460 (Fla. 1993). However, without attachment of supporting portions of the record to the trial court order, these attempts must fail. The order of summary denial should have contained record attachments, or demonstrated why appellant's sentencing challenges were legally insufficient for reasons other than the notary section of the motion.
On remand, the trial court is directed to attach those portions of the record showing that appellant is not entitled to relief under ground 4(f) or to conduct an evidentiary hearing solely on that sentencing issue.
GLICKSTEIN, C.J., and HERSEY and DELL, JJ., concur.