PER CURIAM.
Defendant Jackson appeals a summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Only the allegation of ineffective assistance of counsel for failure to call a key witness is appropriate for consideration in this collateral challenge. See Sorgman v. State, 549 So.2d 686 (Fla. 1st DCA 1989).
We reject the state’s contention that the motion is defective because the defendant did not refer to a prior motion filed in 1992 pursuant to Florida Rule of Criminal Procedure 3.800(a). This omission, relied on by the' trial court to deny the motion, does not render defective an otherwise legally sufficient rule 3.850 motion. See Crotty v. State, 568 So.2d 1328 (Fla. 4th DCA 1990). The state concedes that if we do not deny the motion on this technical basis, this cause should be remanded for an evidentiary hearing.
Accordingly, we reverse and remand to the trial court for an evidentiary hearing or for attachment of portions of the record showing that defendant is not entitled to relief on his claim of ineffective assistance of counsel. See Smith v. State, 595 So.2d 158 (Fla. 4th *1247 DCA 1992); Gentry v. State, 464 So.2d 659 (Fla. 4th DCA 1985).
GLICKSTEIN, PARIENTE and STEVENSON, JJ., concur.