903 So.2d 1009 (2005)
Tony SHEFFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4795.
District Court of Appeal of Florida, Fourth District.
June 8, 2005.
*1010 Tony Sheffield, Daytona Beach, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We grant the state's motion for rehearing in part, and substitute the following in lieu of our earlier opinion in order to clarify the basis for our decision.
In the instant case, Sheffield filed a rule 3.800 motion to correct illegal sentence which raises two claims: (1) that he was sentenced to an 18-year and 1 day sentence as a prison releasee reoffender that was longer than his 15 year minimum mandatory sentence as a habitual violent felony offender, and (2) that he could not have been sentenced as either a prison releasee reoffender or a habitual violent felony offender without consideration of the sentence enhancing factors by a jury of his peers in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We affirm the denial of his rule 3.800 motion as to the Apprendi/Blakely claim, as it has already been determined that neither case is applicable to habitual offender and/or prison releasee reoffender sentencing. See McGregor v. State, 789 So.2d 976 (Fla.2001) (holding that Apprendi was not applicable to prison releasee reoffender sentences); McBride v. State, 884 So.2d 476 (Fla. 4th DCA 2004) (recognizing that neither Apprendi nor Blakely is applicable to habitual offender sentences). Thus, we affirm the order denying Sheffield's relief as to this claim.
As to Sheffield's claim that his prison releasee reoffender sentence is longer than his habitual violent felony offender sentence, Grant v. State, 770 So.2d 655 (Fla.2000), controls. See also Lewis v. State, 789 So.2d 974 (Fla.2001) (affirming a trial court's vacation of a shorter HFO portion of a sentence when it was combined with a longer PRR sentence). In *1011 discussion of Sheffield's Grant claim, the state's response below argued that his prison releasee reoffender sentence is not longer than the habitual offender portion of his sentence, and referred to "sentencing documents in the court file, copies attached...." to substantiate the statement. The order denying Sheffield's motion reveals the lower court attached the state's response to the rule 3.800 motion as its justification for denying Sheffield's motion. However, no sentencing documents or other attachments to the state's response, which disprove Sheffield's claim that the prison releasee reoffender sentence was longer, were provided to this court for review on appeal, even after a request was made to the clerk to supplement the record with all attachments to the state's response below.
We reverse in part the trial court's denial of appellant's rule 3.800 motion to correct an illegal sentence as it pertains to his Grant claim. The order denying relief does not show the rationale used by the court to summarily deny the motion, nor does it attach any record excerpts that specifically address the claims raised in the motion. See Anderson v. State, 627 So.2d 1170 (Fla.1993); Kendall v. State, 619 So.2d 515 (Fla. 4th DCA 1993). Our supreme court has consistently described the lower court's duties when denying such a motion as "a trial court must either state its rationale in its decision or attach those specific parts of the record that refute each claim presented in the motion." Anderson, 627 So.2d at 1171. We also reiterate the prior authority of this court that holds that the state cannot supplement a summary denial on appeal in order to prevent the reversal of the order. See McCray v. State, 633 So.2d 561 (Fla. 4th DCA 1994); Prescott v. State, 698 So.2d 602 (Fla. 4th DCA 1997). Even if it could supplement the record, the documents provided with the state's motion for rehearing do not address the lengths of the various portions of Sheffield's instant sentences to refute his Grant claim.
As no other rationale was contained within the order denying relief, the order fails to comply with cases such as Anderson and Kendall. Therefore, the order denying relief is affirmed in part (as to the Apprendi/Blakely claim), and is reversed in part and remanded to the trial court for the attachment of record excerpts conclusively showing appellant is entitled to no relief under Grant.
Affirmed in Part; Reversed in Part, and Remanded.
KLEIN, GROSS and HAZOURI, JJ., concur.