PER CURIAM.
We summarily reverse the trial court’s order denying appellant’s Rule 8.800(a) motion to correct illegal sentence.
Appellant’s motion raised various claims of scoresheet error and improper weapon enhancements. The court denied the motion without explanation, without a State response, and without any attachments. This was improper. Fleming v. State, 980 So.2d 1110 (Fla. 4th DCA 2008); Matyjasik v. State, 969 So.2d 1142 (Fla. 4th DCA 2007); Sheffield v. State, 903 So.2d 1009, 1011 (Fla. 4th DCA 2005). See also Terry v. State, 970 So.2d 863 (Fla. 4th DCA 2007) (summarily reversing the denial of a Rule 3.850 motion under the same circumstances); Dieudonne v. State, 958 So.2d 516 (Fla. 4th DCA 2007) (same); Anderson v. State, 627 So.2d 1170 (Fla.1993) (requiring a court summarily denying a Rule 3.850 motion to “state its rationale in its decision or attach those specific parts of the record that refute each claim presented”).
Although Rule 3.800(a) does not expressly require a court to attach records, caselaw has required a court to attach the records that refute a facially sufficient claim. See Thompson v. State, 17 So.3d 307 (Fla. 4th DCA 2009). Here, the trial court apparently found the claims sufficient, but provided no explanation for its denial of the motion. Summary reversal is warranted because the State is not permitted to attach records necessary to refute a Rule 3.800(a) claim on appeal. Collins v. State, 805 So.2d 73 (Fla. 4th DCA 2002); Sheffield, 903 So.2d at 1011.
We remand for further proceedings. We express no opinion as to the merits of appellant’s claims, which should be addressed in the first instance by the trial court.

Reversed and Remanded for further proceedings.

DAMOORGIAN, TAYLOR and GERBER, JJ., concur.