DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GABRIEL THEISS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-3163

[January 7, 2015]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. 99-7905CF10A.

Gabriel Theiss, Lake City, pro se.

No appearance required for appellee.

PER CURIAM.

Gabriel Theiss appeals the trial court's order summarily denying his rule 3.800(a) motion challenging the legality of his life sentence for burglary with assault or battery under the Prison Releasee Reoffender statute. § 775.082(9)(a)1.o., Fla. Stat. (Supp. 1998). The motion was legally sufficient under *Suffield v. State*, 132 So. 3d 333 (Fla. 4th DCA 2014), and the case law cited therein. The trial court improperly denied the legally sufficient motion with no explanation and without ordering a state response. *See Charles v. State*, 100 So. 3d 1272 (Fla. 4th DCA 2012); *Shea v. State*, 97 So. 3d 861 (Fla. 4th DCA 2012). Theiss satisfied his burden of showing that the face of the record (i.e., the judgment and sentence) would demonstrate the alleged illegality in the sentence. *Cf. Johnson v. State*, 60 So. 3d 1045, 1051 n.2 (Fla. 2011) ("An appellate court should affirm the summary denial of a rule 3.800(a) motion whenever the appellate court's review of the record establishes that the defendant did not satisfy the burden of showing entitlement to relief on the face of the record."). Nothing in the record on appeal refutes the facially sufficient claim. Accordingly, we reverse and remand for further proceedings to consider appellant's claim on the merits.

*Reversed and Remanded.*

WARNER, STEVENSON and LEVINE, JJ. , concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**