464 So.2d 1171 (1985)
Paul William SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 65060.
Supreme Court of Florida.
January 10, 1985.
Rehearing Denied April 4, 1985.
*1172 Paul Morris of Law Offices of Paul Morris, P.A., Miami, for appellant.
Jim Smith, Atty. Gen., and Penny H. Brill, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, Justice.
Paul William Scott appeals the order of the trial court denying his motion for post-conviction relief without prejudice to his filing a sworn motion. We affirm.
Scott was convicted of murder in the first degree and sentenced to death. We affirmed his conviction and sentence. Scott v. State, 411 So.2d 866 (Fla. 1982). Subsequently, we denied his petition for writ of habeas corpus and petition for writ of error coram nobis. Scott v. Wainwright, 433 So.2d 974 (Fla. 1983).
He recently filed a motion to vacate his judgment and sentence. His motion concluded with the following verification:
Before me, the undersigned authority, personally appeared Paul William Scott, who, being first duly sworn, says that he has personal knowledge of the allegations in the foregoing motion to vacate judgment and/or sentence and that the allegations and statements contained therein are true and correct to the best of his knowledge.
The trial court held that Florida Rule of Criminal Procedure 3.850 requires that this motion shall be under oath and that the motion submitted by Scott was not under oath as contemplated by rule 3.850 because of the qualifying words "to the best of his knowledge." It stated that this rule of requiring that the motion under consideration be under oath is the only effective way to prevent the use of false allegations in motions for post-conviction relief.
The trial court correctly held that Scott's verification was not an oath as contemplated by rule 3.850 because of the qualifying language contained therein. Using this qualifying language, a defendant could file a motion for post-conviction relief based upon a false allegation of fact without fear of conviction for perjury. If the allegation proved to be false, the defendant would be able to simply respond that his verification of the false allegation had been "to the best of his knowledge" and that he did not know that the allegation was false. We require more than that. The defendant must be able to affirmatively say that his allegation is true and correct. The form adopted by this Court for the filing of motions for post-conviction relief contains the following language for the oath:
Before me, the undersigned authority, this day personally appeared _________, who first being duly sworn, says that he is the Defendant in the above-styled cause, that he has read the foregoing Motion for Post-Conviction Relief and has personal knowledge of the facts and matters therein set forth and alleged; and that each and all of these facts and matters are true and correct.
 _________________________________
 (your signature)
Fla.R.Crim.P. 3.987; In re Florida Rules of Criminal Procedure, 353 So.2d 552 (Fla. 1977). The instructions to the form for this motion specifically provide that: "Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury." Fla.R.Crim.P. 3.987. Since Scott's motion was not under oath as required by rule 3.850, the trial court properly denied his motion without prejudice to filing a sworn motion.
Accordingly, we affirm.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.