494 So.2d 211 (1986)
David GORHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 68664.
Supreme Court of Florida.
September 18, 1986.
Thomas K. Equels of Greenberg, Traurig, Askew, Hoffman, Kipoff, Rosen & Quentel, P.A., Miami, and John F. Evans, G. Richard Stafer and Holly R. Skolnick of Zuckerman, Spaeder, Taylor and Evans, Coral Gables, for appellant.
Jim Smith, Atty. Gen., and Robert L. Teitler, Asst. Atty. Gen., West Palm Beach, for appellee.
EHRLICH, Justice.
David Gorham is a prisoner under sentence of death whose conviction for first-degree murder and sentence of death were upheld by this Court in Gorham v. State, 454 So.2d 556 (Fla. 1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 941, 83 L.Ed.2d 953 (1985). Gorham appeals the trial court's dismissal of his petition for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. This dismissal was without prejudice and was premised on Gorham's failure to verify the motion under oath as required by rule 3.850. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and we affirm.
The issue before us is controlled by our decision in Scott v. State, 464 So.2d 1171 (Fla. 1985). Both parties have requested *212 that we take judicial notice of the court file and briefs submitted in that case.
In Scott we held that the oath required by rule 3.850 was the form set forth in Rule of Criminal Procedure 3.987:
Before me, the undersigned authority, this day personally appeared _________, who first being duly sworn, says that he is the Defendant in the above-styled cause, that he has read the foregoing Motion for Post-Conviction Relief and has personal knowledge of the facts and matters therein set forth and alleged; and that each and all of these facts and matters are true and correct.
 ______________________________
 (your signature)
The state's position sub judice is that the trial court's dismissal was proper as the oath Gorham actually signed contained the same caveat as the oath we found inadequate in Scott; i.e., adding the qualifying language "to the best of his knowledge" to the end of the 3.987 form. The state's contention is correct: the oath under review here was not in the form required by rule 3.987 and Scott, and, therefore, the petition was properly dismissed without prejudice by the trial court.
We are concerned, however, that Gorham labors under a misconception of our holding in Scott. In order to dispel any confusion, we explain.
In Scott we rejected the addition of the qualifying language "to the best of his knowledge" based on our concern about the use of false allegations in motions for post-conviction relief:
Using this qualifying language, a defendant could file a motion for post-conviction relief based upon a false allegation of fact without fear of conviction for perjury. If the allegation proved to be false, the defendant would be able to simply respond that his verification of the false allegation had been "to the best of his knowledge" and that he did not know that the allegation was false. We require more than that. The defendant must be able to affirmatively say that his allegation is true and correct.
464 So.2d at 1172.
In his petition below, Gorham alleges, inter alia, that the state suppressed exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). According to Gorham's interpretation of Scott, he would have to commit perjury in order to swear he has personal knowledge of evidence suppressed by the state, as the discovery of this evidence was accomplished through investigations undertaken by his counsel while Gorham was incarcerated.[*]
It is Gorham's literal definition of "personal knowledge" which is the source of confusion here. We did not mean in Scott that the oath's requirement of personal knowledge is synonymous with "firsthand" knowledge. Such a fatuous interpretation would eviscerate rule 3.850 and would truly elevate form over substance.
In its briefs filed both in Scott and the instant case, the state's position is that a defendant may review the information contained in a motion for post-conviction relief which was discovered by his counsel's investigations, and the defendant therefore would be in the same position as his counsel and able to meet the "personal knowledge" requirement of the rule 3.987 oath. It is with this understanding that our holding in Scott must be assessed. Counsel for defendants seeking post-conviction relief must draft such motions with adequate specificity, taking care to set forth the factual basis for each of the allegations contained therein, in order for their client to review the allegations and verify the motion in accordance with the rule 3.987 oath.
*213 Accordingly, the order of the trial court under review is affirmed.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, OVERTON, SHAW and BARKETT, JJ., concur.
NOTES
[*] Further, as counsel correctly points out, Gorham's having personal knowledge of such evidence would in and of itself defeat his Brady claim, since by definition such evidence would not have been unlawfully "suppressed" by the state.