ON MOTION FOR REHEARING
PER CURIAM.
We withdraw our opinion of February 18, 1987 and substitute the following:
This is an appeal from an order denying appellant’s second motion for post-conviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. The trial court stated two grounds for denial of appellant’s motion, first that appellant failed to file his motion under oath as required by Rule 3.850 and second, that the motion seeks the same relief as that previously sought by appellant.
In Scott v. State, 464 So.2d 1171 (Fla.1985) the supreme court held that a verification containing qualifying language that “the allegations and statements contained therein are true and correct to the best of his knowledge,” does not constitute an oath as contemplated by Rule 3.850. The supreme court said:
Using this qualifying language, a defendant could file a motion for post-conviction relief based upon a false allegation of fact without fear of conviction for perjury. If the allegation proved to be false, the defendant would be able to simply respond that his verification of the false allegation had been “to the best of his knowledge” and that he did not know that the allegation was false. We require more than that.
Id. at 1172.[1]
However, we find no support for the trial court’s denial of the motion sub judice because appellant sought the same relief as that previously sought. Rule 3.850 provides:
A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or his attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules. [Emphasis added]
The fact that appellant seeks the same relief in both motions does not constitute a *651 basis for denial. The rule states that whether appellant asserts the same grounds stated for the relief in successive motions and whether these grounds were known or could have been known is the dispositive fact. We have reviewed appellant’s motions for post-conviction relief and find that appellant has asserted different grounds in the motion sub judice from those asserted in his earlier motion. However he has failed to allege that the grounds were not known and could not have been known to him at the time of the initial motion.
Therefore we affirm the order denying appellant’s motion for post-conviction relief without comment as to the merit or lack of merit in the grounds set forth therein and without prejudice to appellant to refile the motion in accordance with Rule 3.850 as amended.
AFFIRMED.
ANSTEAD, GLICKSTEIN and DELL, JJ., concur.

. The form adopted by the supreme court for filing a motion for post-conviction relief contains the following language under oath:
Before me, the undersigned authority, this day personally appeared_, who being first duly sworn, says that he is the Defendant in the above-styled cause, that he has read the foregoing Motion for Post-Conviction Relief and has personal knowledge of the facts and matters therein set forth and alleged; and that each and all of these facts and matters are true and correct.
[[Image here]]
Signature
Scott v. State, 464 So.2d at 1172.