PER CURIAM.
The trial court denied without evi-dentiary hearing appellant’s pro se motion to vacate filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. The order was based upon a finding that the verification was deficient under Scott v. State, 464 So.2d 1171 (Fla.1985) and that the motion contained insufficient facts to warrant an evidentiary hearing under Knight v. State, 394 So.2d 997 (Fla.1981), a defect not cured by the additional but un-sworn factual allegations contained in a memorandum of law attached to the motion. Daniels v. State, 450 So.2d 601 (Fla. 4th DCA 1984). The court correctly denied the motion for those reasons.
Despite its finding of the insufficiency of the motion, the court proceeded to consider the unsworn factual allegations contained in the separate memorandum of law and found that they did not require an evidentiary hearing because they were conclusively refuted by the record. We do not believe that the portion of the record attached to the order conclusively refutes the alleged ineffective assistance of counsel, and were those issues based upon factual allegations properly sworn to and contained in the motion, we would undoubtedly reverse and remand for an evidentiary hearing. Since they were not properly presented (and would not be even if we now remanded) we feel that the better practice would be to vacate that portion of the order which ruled upon the merits of the alleged ineffective assistance of counsel. As thus modified the order is affirmed without prejudice to appellant’s right to seek relief on the same grounds upon the pleading of sufficient and properly sworn factual allegations.
AFFIRMED AS MODIFIED.
DELL, J., and OWEN, WILLIAM C., Jr., (Retired), Associate Judge, concur.
GLICKSTEIN, J., concurs specially with opinion.