W. SHARP, Judge.
We find no merit in this appeal from the summary denial of a motion for post-con *722 viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The grounds for relief raised in the motion are either procedurally barred or so vague as to be legally insufficient. However, to reach the merits of this case we must find that the form of oath used by the appellant at the end of his Rule 3.850 motion was legally sufficient.
The oath used by Shearer in this appeal in connection with his 3.850 motion is headed, “OATH F.S. 92.525.” The words are: “Under the penalties of perjury, I declare that I have read the foregoing and the facts stated in it are true.” The appellant signed the oath, but it is not notarized.
Rule 3.850 requires that motions made pursuant to that rule shall be “under oath.” Florida Rule of Criminal Procedure 3.987 (the model form for a Rule 3.850 motion) contains the instruction, in paragraph (1), that the motion must be “signed by the defendant and sworn to before a notary public or other official authorized to administer an oath.”
The oath in the Rule 3.987 states,
Before me, the undersigned authority, this day personally appeared_, who first being duly sworn, says that he is the Defendant in the above-styled cause, that he has read the foregoing Motion for Post-Conviction Relief and has personal knowledge of the facts and matters therein set forth and alleged; and that each and all of these facts and matters are true and correct.
The Florida Supreme Court held in Gorham v. State, 494 So.2d 211 (Fla.1986) and Scott v. State, 464 So.2d 1171 (Fla.1985), that the oath required by Rule 3.850 is the form set forth in Rule 3.987.
The oath used by the appellant was taken from section 92.525(2), Florida Statutes (1991), which states, “Under the penalties of perjury, I declare that I have read the foregoing and the facts stated in it are true.” Section 92.525 provides, in pertinent part, that when it is required by rule or order of court that a document be verified by a person, the verification may be accomplished by oath taken before a notary public or other officer authorized to administer oaths, or by signing a written declaration as prescribed in subsection 92.525(2). This is the oath form used by appellant in this case. The statute has no requirement that a “written declaration” be notarized. Instead, subsection 92.525(3) provides that a person who knowingly makes a false written declaration under subsection (2) is guilty of the crime of perjury by false written declaration, a felony of the third degree.
Section 92.525 was promulgated in section 12, chapter 86-201, Laws of Florida, and became effective July 1, 1986. Gor-ham was decided on September 18, 1986. Because the Gorham decision was issued two months after section 92.525 became effective, and there is no reason to believe that the supreme court was unaware of section 92.525, it could be argued that Gor-ham’s reiteration that the oath required by Rule 3.850 is the form set forth in Rule 3.987 means that the “written declaration” of section 92.525 is unacceptable in a Rule 3.850 motion. However, in Gorham, the supreme court was not dealing with these entirely different oaths, but instead was concerned with using the Rule 3.987 oath plus a qualifying phrase.
The issue in both Gorham and Scott stemmed from defendants using the oath prescribed by Rule 3.987, but adding to it the words “to the best of his knowledge.” Both opinions concluded that the addition of those words would enable a defendant to escape prosecution for perjury. “The defendant must be able to affirmatively say that his allegation is true and correct.” Gorham at 212; Scott at 1172.
Because a Rule 3.850 movant could be convicted of perjury if he or she falsely signed the section 92.525 declaration, we see no conflict between the supreme court decisions just discussed. We hold that the “written declaration” found in section 92.-525(2), Florida Statutes (1991) is an acceptable form of the oath required for a Rule 3.850 motion.
AFFIRMED.
COBB and DIAMANTIS, JJ„ concur.