627 So.2d 1170 (1993)
Richard Harold ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 80844.
Supreme Court of Florida.
October 28, 1993.
Rehearing Denied December 28, 1993.
Michael J. Minerva, Capital Collateral Representative and M. Elizabeth Wells, Asst. CCR, Office of the Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
BARKETT, Chief Justice.
We review a trial court's order that summarily denied Appellant Richard Harold Anderson's motion to vacate his conviction and sentence of death under Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand for proceedings as set forth in this opinion.[1]
The facts of the murder were reported in this Court's prior decision. Anderson v. State, 574 So.2d 87 (Fla.), cert. denied, ___ U.S. ___, 112 S.Ct. 114, 116 L.Ed.2d 83 (1991). Approximately one year after the United States Supreme Court denied certiorari, Anderson filed his first request for collateral relief, raising sixteen claims in the circuit court. The State filed no response. The circuit court summarily denied relief, stating:
1. Said Motion fails to comply with the oath requirement of Rule 3.850.
2. Said Motion is facially insufficient because the allegations thereof set forth grounds which were or should have been raised on direct appeal and/or contain mere conclusions.
No portions of the record were cited or appended to the one-page order. Anderson moved for rehearing, which the circuit court again summarily denied. This appeal ensued.
Anderson argues that both grounds for summary denial of relief were erroneous, contending that his motion was facially sufficient to entitle him to an evidentiary hearing on some or all of the claims. However, he concedes at the outset that many of his claims were not fully presented or argued. The reason, he says, is the failure of various state agencies to turn over public records. He had approximately one more year to file *1171 his motion, but he filed early "in accordance with the Governor's request" to expedite collateral proceedings in death cases, to "make a good faith effort to initiate the litigation," and to compel various state agencies to turn over records in compliance with the Public Records Act, chapter 119, Florida Statutes (1991). Anderson argues in part that had he been given the records, along with some time needed to review them, he could have fully argued each of his claims and perhaps raised new claims. Accordingly, he urges us to remand for the circuit court to compel the State to comply with his requests for public records. He also asks for relief from this Court on other grounds with or without the need for an evidentiary hearing.
This Court has stated many times that under rule 3.850, a movant is entitled to an evidentiary hearing unless the motion, files, and records conclusively show that the movant is not entitled to relief. Fla. R.Crim.P. 3.850(d); e.g., Provenzano v. Dugger, 561 So.2d 541, 543 (Fla. 1990); Harich v. State, 484 So.2d 1239, 1240 (Fla. 1986); O'Callaghan v. State, 461 So.2d 1354, 1355 (Fla. 1984). To support summary denial without a hearing, a trial court must either state its rationale in its decision or attach those specific parts of the record that refute each claim presented in the motion. Hoffman v. State, 571 So.2d 449, 450 (Fla. 1990) (Hoffman I).
The circuit court's first reason for summary denial was that Anderson failed to satisfy rule 3.850(c), which states that a motion "shall be under oath." Anderson argues that the oath requirement should apply only when a prisoner files a motion pro se, not when a motion is filed through counsel. Alternatively, he claims his motion should not have been denied with prejudice even if an oath was required.
In Gorham v. State, 494 So.2d 211, 212 (Fla. 1986), we described how a prisoner represented by counsel can satisfy the oath requirement in a rule 3.850 motion to alleviate our concern about the use of false allegations in motions for postconviction relief. See also Scott v. State, 464 So.2d 1171 (Fla. 1985). Based on Gorham, Anderson's motion was properly denied. However, Anderson claims that as in Gorham and Scott, denial of the motion on this ground should be without prejudice. We agree that this kind of omission from a rule 3.850 motion warrants dismissal without prejudice.
Nonetheless, we do not read the circuit court's order as a dismissal with prejudice for failure to meet the oath requirement. The circuit court dismissed the motion on the two grounds stated above, and only the second addressed the merits of the motion. There is no evidence that the trial court denied the motion with prejudice because of the oath, nor is there any evidence that Anderson was denied the right to refile his motion after satisfying the oath requirement. Accordingly, we conclude that the trial court did not err in summarily denying relief on this ground, and we find that the court did so without prejudicing Anderson's right to remedy his failure to satisfy the oath requirement of rule 3.850.
Next we address Anderson's claim that the trial court erroneously denied an evidentiary hearing and dismissed the motion with prejudice on the merits even though Anderson alleged that various state agencies had failed to comply with his public record requests. This Court has made clear that a prisoner whose conviction and sentence of death has become final on direct review is generally entitled to criminal investigative public records as provided in chapter 119. Muehleman v. Dugger, 623 So.2d 480 (Fla. 1993) (sheriff's records); Walton v. Dugger, 621 So.2d 1357 (Fla. 1993) (sheriff's and state attorney's files); Mendyk v. State, 592 So.2d 1076, 1081 (Fla. 1992) (records of sheriff's offices and the Florida Parole Commission), receded from on other grounds, Hoffman v. State, 613 So.2d 405, 406 (Fla. 1992) (Hoffman II); State v. Kokal, 562 So.2d 324 (Fla. 1990) (state attorney's files); Provenzano v. Dugger, 561 So.2d 541, 547 (Fla. 1990) (state attorney's files); but cf. Parole Commission v. Lockett, 620 So.2d 153 (Fla. 1993) (clemency files and records maintained by Florida Parole Commission for the Board of Executive Clemency are not subject to chapter 119).
Under the circumstances presented in this case, we find it appropriate at this time to remand this matter to the circuit court to *1172 enable Anderson to proceed without prejudice to pursue his requests for public records in a timely manner. The various state agencies must either comply with Anderson's requests or object pursuant to the procedures set forth by this Court and under chapter 119. We direct that Anderson be granted thirty days to amend his motion, computed from the date the various state agencies deliver to Anderson the records to which he is entitled. See Hoffman II.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.