628 So.2d 1102 (1993)
STATE of Florida, Petitioner,
v.
William E. SHEARER, Respondent.
No. 81912.
Supreme Court of Florida.
December 2, 1993.
Robert A. Butterworth, Atty. Gen., and Belle B. Turner, Asst. Atty. Gen., Bureau Chief, Daytona Beach, for petitioner.
No appearance for respondent.
McDONALD, Justice.
In Shearer v. State, 617 So.2d 721, 723 (Fla. 5th DCA 1993), the district court certified the following question as being of great public importance:
IS THE WRITTEN DECLARATION FOUND IN SECTION 95.525, FLORIDA STATUTES (1991) AN ACCEPTABLE ALTERNATIVE OATH WHICH MAY BE USED IN A RULE 3.850 MOTION IN PLACE OF THE NOTARY SIGNATURE REQUIREMENT OF RULE 3.987?
We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution, and answer the question in the affirmative.
Shearer, serving a fifteen-year sentence for dealing in stolen property, filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Rule 3.850(c) requires that such motions be under oath, and the required oath is the one set out in Florida Rule of Criminal Procedure 3.987.[1]Gorham v. State, 494 So.2d 211 (Fla. 1986); Scott v. State, 464 So.2d 1171 (Fla. 1985). In addition to a notarized oath such as the one in rule 3.987, however, section 92.525, Florida Statutes (1991), provides that a signed declaration can substitute for a notarized oath if it contains the following language: "Under penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true." Section 92.525(2), Fla. Stat. (1991).[2] Instead of the notarized *1103 oath set out in rule 3.987, Shearer ended his rule 3.850 motion with the heading "OATH F.S. 92.525," followed by "Under the penalties of perjury, I declare that I have read the foregoing and the facts stated in it are true" and his signature. The circuit court summarily denied the motion, as did the district court. To reach the merits, however, the district court had to decide if the oath Shearer used was legally sufficient.
The district court analyzed the oaths set out in section 92.525 and rule 3.987 in light of our decisions in Scott and Gorham. It concluded that the unnotarized oath from subsection 92.525(2) could be used in a rule 3.850 motion. We agree.
Both Scott and Gorham filed postconviction motions with edited oaths, not the oath in rule 3.987, containing the caveat "that the allegations and statements contained" in the motion "are true and correct to the best of his knowledge." Scott, 464 So.2d at 1172; Gorham, 494 So.2d at 212. We found this qualifying language insufficient because by
[u]sing this qualifying language, a defendant could file a motion for post-conviction relief based upon a false allegation of fact without fear of conviction for perjury. If the allegation proved to be false, the defendant would be able to simply respond that his verification of the false allegation had been "to the best of his knowledge" and that he did not know that the allegation was false. We require more than that. The defendant must be able to affirmatively say that his allegation is true and correct.
Scott, 464 So.2d at 1172. Therefore, to protect against perjury, we held that the rule 3.987 oath must be used in postconviction motions.
As pointed out by the district court, the oath from subsection 92.525(2) addresses this concern. That oath starts with the words, "Under penalties of perjury." Information in the motion must be based on personal knowledge, not on mere belief, supposition, or speculation. A postconviction movant who falsely signs this oath could be convicted of perjury just as one who falsely signs the oath currently set out in rule 3.987. Therefore, we agree with the district court that the oath from subsection 92.525(2) is an acceptable alternative oath and amend rule 3.987 as follows.[3]
Under the heading "MOTION FOR POSTCONVICTION RELIEF" paragraph (1) is amended to read as follows:
(1) This motion must be legibly handwritten or typewritten, signed by the defendant, and sworn to before a notary public or other official authorized to administer an oath. contain either the first or second oath set out at the end of this rule. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.
The end of rule 3.987 containing the oath is amended to read as follows:
OATH
Complete 1 or 2
1. Notarized Oath.
STATE OF FLORIDA COUNTY OF ______
Before me, the undersigned authority, this day personally appeared _________, who first being duly sworn, says that he or she is the defendant in the above-styled cause, that he or she has read the foregoing motion for postconviction relief and has personal knowledge of the facts and matters therein set forth and alleged and that each and all of these facts and matters are true and correct.
 ______________________
 (your signature)
*1104
 SWORN AND SUBSCRIBED TO before me this _______ day of
 ___________, 19__.
 _____________________
 NOTARY PUBLIC or other person authorized to
 administer an oath (print, type, or stamp
 commissioned name of notary public)
 Personally known ____ or produced identification ____
 Type of Identification produced ____
 2. Unnotarized Oath.
 Under penalties of perjury, I declare that I have
 read the foregoing motion and that the facts stated
 in it are true.
 ___________________
 (your signature)
Therefore, we answer the certified question in the affirmative, approve the district court's decision, and amend rule 3.987 as set out above.
It is so ordered.
BARKETT, C.J., and SHAW, KOGAN and HARDING, JJ., concur.
GRIMES, J., dissents with an opinion, in which OVERTON, J., concurs.
GRIMES, Justice, dissenting.
The legislature may not dictate the substance of this Court's rules of procedure. Johnson v. State, 336 So.2d 93 (Fla. 1976). I think it serves a salutary purpose to require a prisoner who files a motion for postconviction relief to swear before a notary public that the facts stated therein are true. Such a procedure would also facilitate proof of who signed the motion should perjury charges ever ensue. I respectfully dissent.
OVERTON, J., concurs.
NOTES
[1] This notarized oath reads as follows:

Before me, the undersigned authority, this day personally appeared ________, who first being duly sworn, says that he or she is the defendant in the above-styled cause, that he or she has read the foregoing motion for postconviction relief and has personal knowledge of the facts and matters therein set forth and alleged and that each and all of these facts and matters are true and correct.
 =========================
 (your signature)

[2] This section reads in pertinent part as follows:

(1) When it is authorized or required by law, by rule of an administrative agency, or by rule or order of court that a document be verified by a person, the verification may be accomplished in the following manner:
(a) Under oath or affirmation taken or administered before an officer authorized under s. 92.50 to administer oaths; or
(b) By the signing of the written declaration prescribed in subsection (2).
(2) A written declaration means the following statement: "Under penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true," followed by the signature of the person making the declaration, except when a verification on information or belief is permitted by law, in which case the words "to the best of my knowledge and belief" may be added. The written declaration shall be printed or typed at the end of or immediately below the document being verified and above the signature of the person making the declaration.
[3] Added text is underlined, deleted text is struck through.