ZEHMER, Chief Judge.
Ronnie Henegar brings this appeal from the trial court’s order denying his motion for post-conviction relief. The motion was initially dismissed by the trial court on the basis that it was not properly under oath. Henegar filed a motion for rehearing challenging this ruling. The trial court denied the motion on the basis that Henegar “improperly executed his oath by qualifying his personal belief or knowledge of the factual allegations contained in the motion.” The court relied primarily on the supreme court’s decision in Scott v. State, 464 So.2d 1171 (Fla.1985). We reverse.
In Scott, the motion for post-conviction relief contained a verification qualified by Scott’s assertion that the allegations and statements contained in the motion were “true and correct to the best of his knowledge.” 464 So.2d at 1172. The supreme court disapproved the verification, holding that the qualifying language would facilitate a defendant’s filing of a motion for post-conviction relief based upon a false allegation of fact without fear of conviction for perjury. Id.
The court reiterated that position in Gor-ham v. State, 494 So.2d 211 (Fla.1986), but in doing so dispelled the misconception obvious in Gorham’s argument that “personal knowl *991 edge” is synonymous with “first-hand knowledge.” The court stated that it “did not mean in Scott that the oath’s requirement of personal knowledge is synonymous with ‘first-hand’ knowledge.” Id. at 212. It went on to observe that “[s]uch a fatuous interpretation would eviscerate rule 3.850 and would truly elevate form over substance.” Id. The dilemma addressed in Gorham arose from defense counsel’s drafting of the motion in which a “Brady” violation was alleged. Gor-ham was concerned that he would have been forced to commit perjury had he sworn to possessing personal knowledge of evidence allegedly suppressed by the state based on discovery accomplished by investigations personally undertaken by his counsel. The supreme court disagreed and explained that its holding in Scott must be understood as authorizing a defendant to review the information contained in the motion that was discovered by his counsel’s investigations, thus imputing to the defendant his counsel’s knowledge so as to meet the “personal knowledge” requirement of rule 3.987, Florida Rules of Criminal Procedure.
In the present case, Henegar’s verification reads as follows:
BEFORE ME, the undersigned authority, this day personally appeared Ronnie A. Henegar, who first being duly sworn, says that he is the Defendant in the above styled cause, that he has read the foregoing Motion for Post Conviction Relief, and has personal knowledge of the facts and matters set forth therein and alleged, or that matters of which he does not have personal knowledge are contained in the trial court file thereof, and that each and all of these facts and matters are true and correct.
This verification is clearly not identical to those found inadequate in Scott and Gorham in that it does not contain the “to the best of his knowledge” qualification. Instead, what obviously concerned the trial court was the phrase “or that matters of which he does not have personal knowledge.” That language, however, does not raise a concern about Henegar’s use of false allegations; rather, the language only reflects the same insecurity on Henegar’s part regarding the need for first-hand knowledge as was reflected in Gor-ham’s argument. Applying the analysis used in Gorham, we hold that the instant verification was sufficient to establish personal knowledge of the facts and matters contained in the trial court record. In so holding, we emphasize the fact that Henegar was careful to state that “each and all of these facts and matters are true and correct.”
Thus, we reverse the trial court’s denial of the motion for post-conviction relief and remand for further proceedings consistent "with rule 3.850, Florida Rules of Criminal Procedure.
REVERSED and REMANDED.
KAHN and BENTON, JJ., concur.