720 So.2d 563 (1998)
Monty PAVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-02478.
District Court of Appeal of Florida, Second District.
September 23, 1998.
PER CURIAM.
We affirm the summary denial of Monty Pavey's motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the motion on the basis that it was not properly sworn, but gave Pavey leave to file a motion in conformity with the rules. Pavey's motion consists of two separate documents, one styled a "Motion for Post-Conviction Relief" and the other a "Motion for Post-Conviction Relief and in the Alternative Petition for Writ of Habeas Corpus." The second document appears to be nothing more than a memorandum containing detailed factual allegations in support of Pavey's claims notwithstanding the fact that it has been styled as a motion or petition. The first document does contain a properly signed and notarized oath. However, the second document does not contain an oath signed by Pavey; it contains only an acknowledgment which states that Pavey took an oath.
In light of Scott v. State, 464 So.2d 1171 (Fla.1985), a statement in the second document that Pavey took an oath is insufficient. The rule requires Pavey to affirmatively state that his factual allegations are true and correct. Without the actual oath being set forth in the second document, we do not know whether or not Pavey's oath met this requirement. The trial court was correct to deny Pavey's motion even though one document out of two did contain a proper oath. See Brown v. State, 620 So.2d 1076 (Fla. 2d DCA 1993); Oramas v. State, 615 So.2d 853 (Fla. 2d DCA 1993).
Accordingly, we affirm the trial court's order of dismissal, but, as the trial court did, do so without prejudice to Pavey to refile the motion and memorandum of law with proper oaths. Since it appears that the two-year time limit for Pavey to file a rule 3.850 motion has expired during the pendency of this appeal, Pavey shall have thirty days from the date of the mandate following this opinion to file a corrected motion and memorandum of law. See Haughbrook v. State, 658 So.2d 639 (Fla. 2d DCA 1995); Miller v. State, 617 So.2d 332 (Fla. 2d DCA 1993).
Affirmed.
CAMPBELL, A.C.J., and PATTERSON and CASANUEVA, JJ., concur.