PER CURIAM.
Ruben Torres appeals from an order dismissing his unsworn rule 3.850 motion. The motion was properly dismissed because it was not under oath as required by the rule. However, Torres argues on appeal that the dismissal should have been without prejudice to refile the motion in proper form. See Anderson v. State, 627 So.2d 1170 (Fla.1993). Because the motion was untimely as well as unsworn, we affirm.
The motion was filed more than 16 years after the 1982 conviction became final. Torres had until January 1, 1987 to file a rule 3.850 motion, but he waited an additional 11 years before filing this motion. See In re: Rule 3.850 of the Florida Rules of Criminal Procedure, 481 So.2d 480 (Fla. 1985). The motion was clearly untimely and the delay is fatal to his claim.
Torres attempts to avoid the time bar by claiming newly discovered evidence, to wit: the detective who took defendant’s confession was not working for the Public Defender’s Office, as he then believed. This argument is unavailing. Torres could *57 have timely discovered, with due diligence, that the detective who took his confession was not working for the Public Defender’s Office. See generally Correll v. State, 698 So.2d 522 (Fla.1997) (newly discovered evidence must have been unknown to trial court, the party or counsel at time of trial and it must appear that defendant or counsel could not have known evidence by exercise of due diligence); see also Zeigler v. State, 682 So.2d 48 (Fla.1993) (newly discovered evidence could have been timely discovered through use of Public Records Act, by use of due diligence, so motion untimely). Therefore, even if the motion had been properly sworn, it is time barred.
AFFIRMED.
W. SHARP, GOSHORN, and HARRIS, JJ., concur.