PER CURIAM.
Oren Rei Murray (Appellant) appeals the summary denial of his motion for post-conviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. Because the oath on his original motion was insufficient, we affirm as to six of his seven claims for relief. See Scott v. State, 464 So.2d 1171 (Fla.1985); Ramsey v. State, 632 So.2d 700 (Fla. 1st DCA 1994). We address one of Appellant’s claims because it requests relief from an illegal sentence, which request does not require an oath.
Pursuant to a plea agreement, Appellant received an eight year sentence in exchange for a guilty plea to one count of burglary (Count One), a first degree felony pursuant to section 810.02(l)(c) 1., Florida Statutes (1999), and two counts of burglary of a structure or conveyance (Counts Six and Eight), third degree felonies pursuant to section 810.02(4), Florida Statutes (1999). The written judgment and sentence reflects an eight-year sentence for each count. The trial court corrected the. written sentence for Count Eight only, reducing the sentence to five years. Because Count 6 is identical to Count 8, because a violation of section 810.02(4), Florida Statutes (1999) is a third degree felony, and because section 775.082(3)(d), Florida Statutes (1999) contains a statutory maximum penalty of five years’ incarceration for a third degree felony, the trial court should have corrected the sentence for Count 6 as well as Count 8.
AFFIRMED in part, REVERSED in part, and REMANDED for correction of Appellant’s sentence as to Count Six.
WOLF, KAHN and BENTON, JJ., Concur.