910 So.2d 309 (2005)
Steven JANOWSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2584.
District Court of Appeal of Florida, Fourth District.
August 31, 2005.
Steven Janowski, Okeechobee, pro se.
No appearance required for appellee.
PER CURIAM.
Steven Janowski (Defendant) appeals an order summarily denying his motion to correct illegal sentence and petition for writ of habeas corpus seeking immediate release, filed pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. We affirm, but for a reason different from those stated in the trial court's order of denial.
The motion sought resentencing based on Defendant's claim that the written sentence, including 76.35 months in prison, did not conform to the oral pronouncement, allegedly imposing a prison sentence of 6.35 months. The trial court denied the motion because this court has *310 held such a ground is not cognizable in a Rule 3.800(a) motion. See, e.g., Rinderer v. State, 857 So.2d 955 (Fla. 4th DCA 2003); Campbell v. State, 718 So.2d 886 (Fla. 4th DCA 1998). However, because the motion was filed within the time for filing a timely Rule 3.850 motion, such reasoning only justified denying the motion without prejudice to refile the motion within a timely sworn Rule 3.850 motion.[1]
We affirm the denial. The reason we do not affirm without prejudice to Defendant to refile the motion is because on the merits the record refutes Defendant's claim of discrepancy. The trial court stated it was sentencing Defendant to "the bottom of the guidelines," the Criminal Punishment Code scoresheet generated a lowest permissible sentence of 76.35 months, and the transcript indicates the trial judge merely paused between saying "7" and "6.35 months." Clearly, the sentencing judge orally pronounced a prison sentence of 76.35 months, the same sentence that was reflected on the written sentencing documents. Thus, the claim would have been properly denied even if it were raised in a Rule 3.850 motion.
Affirmed.
SHAHOOD, TAYLOR and HAZOURI, JJ., concur.
NOTES
[1] Defendant's reply below, which the trial court apparently did not review before ruling, asked the trial court to treat his Rule 3.800(a) motion as if it were filed pursuant to Rule 3.850. However, the motion, in which Defendant stated that the facts were true "to the best of my knowledge, understanding, and belief," was not properly sworn so that it could be considered pursuant to that rule. Gorham v. State, 494 So.2d 211 (Fla.1986); Scott v. State, 464 So.2d 1171 (Fla.1985).