941 So.2d 1250 (2006)
Erice GREEN, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D06-3776.
District Court of Appeal of Florida, Fifth District.
November 17, 2006.
Erice Green, Daytona Beach, pro se.
No Appearance for Respondent.
PER CURIAM.
Erice Green seeks from this court a belated appeal. We summarily deny his petition, but without prejudice, as will be explained.
In the instant petition, Green alleges that after he was convicted, he requested his trial counsel to file a direct appeal on his behalf, but through "no fault" on his part, the appeal was not timely filed. He goes on to allege that this court in 5D05-2924 dismissed his appeal without prejudice to him seeking a belated appeal. Green "swears" that the alleged facts "are the truth," but his petition lacks an oath.
Under Rule 9.141(c)(3)(F), a petition for belated appeal must be sworn. Though, as indicated, Green "swears" that the alleged facts in his petition "are the truth," nothing in his allegations subject him to perjury charges for an untrue statement as required by State v. Shearer, 628 So. 2d 1102 (Fla. 1993) and section 92.525, Florida Statutes, which sets forth the form to be used for a written declaration for a sufficient unnotarized oath. When a petition for belated appeal is not properly sworn, it is subject to denial as facially insufficient, but without prejudice to the petitioner filing a facially sufficient sworn petition. See Popp v. State, 935 So.2d 93 (Fla. 5th DCA 2006) (when petition for belated appeal was not sworn to, petition would be denied as facially insufficient, without prejudice to file a facially sufficient sworn petition); Abbot v. State, 929 So. 2d 723 (Fla. 5th DCA 2006) (petition for belated appeal insufficient because it is unsworn).
*1251 Accordingly, we summarily deny the instant petition without prejudice to Green filing a sworn petition.
PLEUS, C.J., MONACO and EVANDER, JJ., concur.