945 So.2d 571 (2006)
Wakeene R. BLANCHE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-4257.
District Court of Appeal of Florida, Second District.
December 6, 2006.
Rehearing Denied January 18, 2007.
Wakeene R. Blanche, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
FULMER, Chief Judge.
Wakeene Blanche appeals the denial of his motion and supplemental motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We affirm without comment the postconviction court's denial or dismissal of all of Blanche's claims except the dismissal of the single claim found in his supplemental motion, which dismissal we reverse.
After filing his original Motion for Postconviction Relief but before an evidentiary hearing was held on two of the claims, Blanche filed a Notice of Supplemental Authority containing an "Amended Ground," which was actually an entirely new claim. This document did not include an oath as required by rule 3.850(c). See *572 also Fla. R.Crim. P. 3.987 (providing two forms of the oath for use in rule 3.850 motions). In its Final Order Denying Motion for Post-Conviction Relief, entered after the evidentiary hearing, the court wrote as follows regarding the additional claim:
Defendant raises a new claim in this Amendment regarding counsel's handling of jury instructions. The Court cannot consider the Amendment since Defendant has not included a proper oath consistent with the form proscribed [sic] in Rule 3.987. Furthermore, the Defendant never raised this claim at the evidentiary hearing held July 19, 2005, and as such, it is considered abandoned.
We conclude that it was error for the postconviction court to deem the supplemental claim abandoned, effectively dismissing it. The claim was filed within the two-year time limit of rule 3.850(b). Neither the omission of the oath nor the fact that the claim was contained in a supplemental motion was fatal. See Lewis v. State, 638 So.2d 97, 98 (Fla. 2d DCA 1994) (citing Anderson v. State, 627 So.2d 1170, 1171 (Fla.1993)) (noting that the postconviction court is required to dismiss an unsworn claim without prejudice to refiling a properly sworn motion); Gaskin v. State, 737 So.2d 509, 518 (Fla.1999) (concluding that it was error for the postconviction court not to consider new allegations raised in a timely filed amended 3.850 motion), receded from on other grounds by Nelson v. State, 875 So.2d 579 (Fla.2004). Furthermore, the postconviction court cites no authority for its conclusion that Blanche abandoned his supplemental claim by failing to raise it at the evidentiary hearing,[1] and we know of none. Therefore, on remand the postconviction court shall afford Blanche an opportunity to refile his claim under oath, after which the court shall address the claim on its merits if it finds the claim to be facially sufficient.
Affirmed in part, reversed in part, and remanded.
SALCINES and SILBERMAN, JJ., Concur.
NOTES
[1] The evidentiary hearing was ordered by the court to address specified issues raised in the original motion.