947 So.2d 1227 (2007)
Marquell L. STEVENS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-6156.
District Court of Appeal of Florida, Second District.
January 26, 2007.
*1228 John E. Swisher, St. Petersburg (withdrew after briefing); James W. O'Neill, Jr., Gulfport (substituted as counsel of record), for Appellant.
KELLY, Judge.
In December 2003, Marquell L. Stevens filed a timely, properly sworn motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 alleging five claims of ineffective assistance of counsel. Stevens' motion recited the facts on which he was relying, and it was accompanied by a memorandum of law. The memorandum of law was not sworn. Relying on Oramas v. State, 615 So.2d 853 (Fla. 2d DCA 1993), the postconviction court concluded that it could not consider the memorandum because it lacked an oath. Stevens' memorandum, not his motion, contained the legal argument that, among other things, explained how he was prejudiced by his attorney's alleged ineffectiveness. Because the postconviction court did not consider the memorandum, it concluded that Stevens' motion was facially insufficient, and it dismissed the motion.[1] We reverse because the postconviction court erred when it refused to consider Stevens' memorandum of law.
Rule 3.850 requires that motions filed pursuant to that rule be under oath. The purpose of the oath is to prevent false factual allegations by subjecting the movant to prosecution for perjury if the factual allegations in the motion prove to be false. See Scott v. State, 464 So.2d 1171 (Fla. 1985). In Oramas, 615 So.2d at 854, we upheld a dismissal for facial insufficiency where the postconviction court refused to consider the movant's unsworn memorandum. However, in that case, the factual allegations supporting the motion were contained only in the memorandum of law. Accordingly, the postconviction court could not consider those facts, and it correctly concluded that the motion was facially insufficient. Id. In contrast, Stevens' properly sworn motion, not his memorandum, contains all the factual allegations he relies on to support his claims. It was not necessary for the memorandum to be under oath because it did not contain any additional factual allegations but rather set forth his legal arguments based on the facts contained in the sworn motion. Because the postconviction court erred when it refused to consider the memorandum, we reverse and remand for further proceedings.
Reversed and remanded.
SALCINES and CANADY, JJ., Concur.
NOTES
[1] Stevens' motion was pending for twenty-three months before the post-conviction court issued its order dismissing the motion as facially insufficient. As a result, the two-year limit for filing a rule 3.850 motion expired while the motion was pending. In such circumstances, dismissal should be without prejudice and the court should provide the movant with an opportunity to file another rule 3.850 motion to correct the deficiencies. Cf. Lewis v. State, 777 So.2d 1083 (Fla. 2d DCA 2001).