SILBERMAN, Chief Judge.
Jamie Allen Hyden seeks review of his judgment and sentence for felony DUI as a fourth-time offender. He argues that the trial court erred in denying his motion to dismiss because he did not have the three qualifying misdemeanor convictions necessary for the felony offense. We agree and reverse.
Section 316.193(2)(b)(3), Florida Statutes (2008), provides that a fourth conviction for a DUI misdemeanor constitutes a third-degree felony. However, the State is precluded from using prior misdemeanor DUI convictions to support a felony DUI conviction under this provision if (1) the prior convictions were uncounseled, (2) the defendant was indigent and entitled to court-appointed counsel, (3) the defendant did not waive the right to counsel, and (4) the convictions were punishable by imprisonment. State v. Kelly, 999 So.2d 1029, 1053 (Fla.2008). The defendant bears the initial burden of making these allegations under oath. Then the burden shifts to the State to present evidence to the contrary. Id.
In this case, the State charged Hyden with a felony DUI using three prior misdemeanor DUI convictions from 1983, 1985, and 1997 to support the charge. Hyden, through counsel, filed a motion to dismiss and supporting affidavit. He argued that his 1983 conviction was not sufficient to support the felony charge under Kelly because it was uncounseled. He asserted that although he was indigent at the time he entered his plea, he was not offered counsel and did not waive his right to counsel. The motion and affidavit were not notarized but contained the following oath signed by Hyden: ‘‘Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true.”
At the hearing on Hyden’s motion to dismiss, the trial court briefly raised the issue of whether Hyden met his initial burden of making the allegations under oath because his motion and affidavit were not notarized. The court addressed defense counsel, stating, “I have a written statement by the defendant, but it’s not sworn. I mean, it is under oath, but it is not actually under oath. There is no notary. In fact, I’m not even sure your — that motion qualifies as under oath.” Neither defense counsel nor the State took up the issue. The court moved on to address the question of whether the evidence presented by the State rebutted Hyden’s allegations.
Because the court records of Hyden’s 1983 misdemeanor conviction had been destroyed, the only evidence the State could produce was a document from its own file entitled “Plea of Not Guilty and Request for Trial.” The form was dated June 14, 1983, and the box marked “[w]aive my right to a lawyer” was checked. Hyden had signed the document. The date on the form was six weeks before July 27, 1983, the date on which Hyden changed his plea and was convicted.
The trial court determined that the June 14 form was sufficient to establish that Hyden waived his right to counsel for his 1983 conviction. On that basis, the court denied Hyden’s motion to dismiss. On appeal, Hyden argues that this form was not properly admitted in evidence and is not sufficient to establish that he waived his right to counsel when he changed his plea. The State argues that Hyden’s motion to dismiss and affidavit were facially insufficient because they were not notarized. The State alternatively argues that the plea form was admissible in evidence and that the plea form establishes that Hyden waived his right to counsel when he changed his plea.
*3 Preliminarily, we address the State’s argument that Hyden’s motion to dismiss and affidavit were facially insufficient. The law on the oath requirement for a motion to dismiss and accompanying affidavit under Kelly is not settled. Section 92.525(1), Florida Statutes (2009), provides that any document that must be verified by a person may be verified in one of two ways. Subsection (1)(a) allows for verification under oath or affirmation as set forth in section 92.50(1).[1] Subsection (l)(b) allows for verification by signing the following written declaration as set forth in subsection (2): “ ‘Under penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true.’ ” The verification requirement “means that the document must be signed or executed by a person and that the person must state under oath or affirm that the facts or matters stated or recited in the document are true, or words of that import or effect.” § 92.525(4)(c).
In this case, Hyden used the oath set forth in section 92.525(2) to verify his motion to dismiss and affidavit. The question is whether this oath is sufficient, without a notarization, to satisfy the oath requirement mentioned but not elaborated upon in Kelly. The Florida Supreme Court has determined that the oath set forth in section 92.525(2) is sufficient to satisfy the oath requirement in postconviction motions. See State v. Shearer, 628 So.2d 1102, 1103 (Fla.1993). The court reasoned that this particular oath provides the same protection against perjury as a notarized oath. The court also amended its form for postconviction motions to reflect that this unnotarized oath may be used. See id. at 1103-04 (amending Florida Rule of Criminal Procedure 3.987).
Since Shearer, several courts have determined that the oath in section 92.525(2) is sufficient to meet the oath requirement for other documents. See, e.g., J.S.L. Constr. Co. v. Levy, 994 So.2d 394, 399 (Fla. 3d DCA 2008) (statement of account by a contractor); Green v. State, 941 So.2d 1250, 1250 (Fla. 5th DCA 2006) (petition for belated appeal); Goines v. State, 691 So.2d 593, 593 (Fla. 1st DCA 1997) (affidavit of violation of probation). However, there are decisions refusing to find the oath in section 92.525(2) sufficient to meet the same or similar oath requirements. See, e.g., Crain v. State, 914 So.2d 1015, 1018-21 (Fla. 5th DCA 2005) (arrest affidavit); Jackson v. State, 881 So.2d 666, 668 (Fla. 5th DCA 2004) (affidavit of violation of probation).
There are persuasive arguments for following both lines of cases, depending upon the factual circumstances surrounding the particular oath requirement.[2] We do not reach the issue today because the State did not pursue the issue below and the trial court reached the merits of Hyden’s motion to dismiss.
We recognize that the trial court did briefly raise the issue of the sufficiency of the oath at the hearing on Hyden’s motion to dismiss. But the court apparently satisfied itself that Hyden’s motion and affidavit were sufficient because it *4 shifted the burden to the State to address whether it could successfully rebut the allegations in Hyden’s motion and affidavit. The State waived any technical noncompliance of the motion and affidavit when it declined to address the court’s concerns about the oath and moved forward to the presentation of its evidence on the merits of Hyden’s motion. See Hudson v. State, 745 So.2d 997, 999 (Fla. 2d DCA 1999).
We next turn to the argument regarding the 1983 plea form. We conclude that the plea form did not establish that Hyden waived his right to counsel at the time of his 1983 conviction. This finding renders Hyden’s challenge to the plea form’s admissibility moot.
In his motion to dismiss and affidavit, Hyden asserted that he was convicted of the 1983 charge pursuant to a plea that was entered without his having been offered and appointed a lawyer. Hyden also asserted that he did not waive his right to a lawyer. The trial court found that the plea form refuted Hyden’s claim that he never waived his right to counsel. But Hyden did not claim that he “never” waived his right to counsel; he claimed that he was convicted after entering his plea without being offered counsel.
While the June 14, 1983, form provides evidence that Hyden waived his right to counsel when he entered his not guilty plea, it does not establish that he waived his right to counsel when he changed his plea six weeks later. The court must offer an indigent defendant counsel “at each crucial stage of the proceedings,” and this right is triggered when the accused is charged with a crime. Traylor v. State, 596 So.2d 957, 968 (Fla. 1992). While a defendant may waive his right to counsel at any stage of the proceedings, the waiver is only valid at that stage and the court must renew the offer of counsel at each crucial stage as long as the defendant is unrepresented. Id. The entry of a plea is a “crucial stage” of the proceedings. Brown v. State, 830 So.2d 203, 205 (Fla. 5th DCA 2002).
Here, the State did not present any evidence, such as a copy of Hyden’s change-of-plea form or the transcript of his plea colloquy, to establish that Hyden was offered and waived counsel at the time he changed his plea from not guilty. Without such evidence, the State cannot refute the allegations in Hyden’s motion to dismiss. See Kelly, 999 So.2d at 1037 (holding that, if the defendant meets his initial burden of proof, “the State cannot then point to a silent record to claim that a purely hypothetical plea colloquy cured any error surrounding the waiver issue”).
Because the State failed to meet its burden of proving the three qualifying felony convictions necessary for a felony DUI, we reverse and remand for entry of the appropriate misdemeanor conviction and sentence. We note that while Hyden’s 1983 conviction may not be used to qualify the fourth DUI as a felony offense, it may be used to support enhanced penalties and fines short of incarceration for the misdemeanor DUI. See id. at 1052.
Reversed and remanded.
DAVIS, J., Concurs.
BLACK, J., Concurs specially with opinion.

. Section 92.50(1) provides that "[o]aths, affidavits, and acknowledgments required or authorized under the laws of this state ... may be taken or administered by or before any judge, clerk, or deputy clerk of any court of record within this state, including federal courts, or before any United States commissioner or any notary public within this state.”

. We note that this court has suggested that, under Shearer, the oath in section 92.525(2) is available to "a prisoner untrained in the law.” Keene v. Nudera, 661 So.2d 40, 43 (Fla. 2d DCA 1995). However, Hyden’s motion to dismiss and affidavit were filed by defense counsel.