# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-1422
LT Case No. 1990-CF-08397-A
_____

JEFFERY C. GREEN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.850 appeal from the Circuit Court for Duval County.
Meredith Carbula, Judge.

Jeffery C. Green, Mayo, pro se.

Ashley Moody, Attorney General, and Julian E. Markham,
Assistant Attorney General, Tallahassee, for Appellee.

November 9, 2023

EISNAUGLE, J.

Appellant, Jeffery C. Green, appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion alleging newly discovered evidence. We reverse as to Ground I, and otherwise affirm without further discussion.

In 1991, Appellant was convicted of first-degree murder and armed robbery. More than thirty years later, Appellant filed the

instant motion, attaching an affidavit purportedly made by a Julian Hawkins. In the affidavit, Hawkins alleges he saw Appellant at a "skate arena" on the night of the murder, from approximately 7:15 p.m. to 10:45 p.m. Based on this affidavit, the motion alleged that Appellant was not at the scene of the crime.

The postconviction court summarily denied the claim, concluding that the affidavit was inherently incredible, based on the court's skepticism that "someone—over thirty years later—could recall where they were, who they were with, and precisely when they arrived and left for something as trifling as attending a skate arena."

The postconviction court acknowledged the general rule that "the passage of time alone does not necessarily make a claim inherently incredible," but distinguished cases like *Himes v. State*, 310 So. 3d 542 (Fla. 1st DCA 2021), *Borders v. State*, 309 So. 3d 314 (Fla. 5th DCA 2020) and *Simpson v. State*, 100 So. 3d 1258 (Fla. 4th DCA 2012), stating:

> In each of these scenarios, the mere passage of time would not have been likely to sully the affiants' recollections given the noteworthiness of their alleged involvement in, or relation to, the crime. In contrast, Alibi Witness Hawkins purports to recall the precise details about an otherwise uneventful thirty-year-old trip to a skate arena.

Alternatively, the postconviction court reasoned that, even if the affidavit is not inherently incredible, the newly discovered evidence would not produce an acquittal on retrial because Appellant admitted being at the scene of the crime at trial.

We address each basis for summary denial in turn.

### Newly Discovered Evidence

As our supreme court has explained, "[a] defendant must meet two requirements to obtain a new trial based on newly discovered evidence. First, the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must

2

also appear that neither the defendant nor defense counsel could have known of such evidence by the use of diligence." *Davis v. State*, 26 So. 3d 519, 526 (Fla. 2009). "Second, the newly discovered evidence must be of a nature that it would probably produce an acquittal on retrial or yield a less severe sentence." *Id.*

The due diligence and probability prongs of the newly discovered evidence test will often require an evidentiary hearing. *Id.* However, no evidentiary hearing is required when the newly discovered evidence "is inherently incredible or obviously immaterial to the verdict and sentence." *Id.* Similarly, summary denial is appropriate where, even with the newly discovered evidence, the "record conclusively demonstrates that [the movant] is not entitled to relief." *Id.* at 531.

## Inherent Incredibility

The postconviction court summarily denied the motion in this case because it found the affidavit inherently incredible. While an affidavit produced many years after the alleged crime may be inherently suspicious, "that suspicion alone does not automatically support summary denial." *Borders*, 309 So. 3d at 316.

Here, the postconviction court concluded that the affidavit was inherently incredible based on its disbelief that someone could recall, more than thirty years later, something as "trifling" as seeing Appellant at a skate arena. But the affidavit provides no basis to conclusively determine that the night at this skate arena was trifling to the affiant. While we have no doubt that this line of inquiry is ripe for cross-examination, the passage of time alone does not make the affidavit inherently incredible, at least where the affidavit reveals nothing about how or why the affiant might recall the events despite the passage of time. *Cf. Placide v. State*, 189 So. 3d 810, 812 (Fla. 4th DCA 2015) (finding affidavit of "family friend" offering explanation for more than twenty-year delay inherently incredible).

3

**Probability for Acquittal on Retrial**

As an alternative basis for summary denial, the postconviction court reasoned that the newly discovered evidence "would not be likely to produce an acquittal at retrial" because Appellant admitted being at the scene of the crime at trial.

But the court misread the records attached to the order. Based on those records, Appellant never admitted to being at the scene of the crime. Rather, it appears *counsel* conceded Appellant's presence at the scene of the crime as a defense strategy because there was no contrary evidence presented to the jury.[*] Instead, counsel argued that based on the evidence, Appellant was present but did not commit the murder. This tactical decision by counsel is not at all surprising given the evidence before the jury, and in any event, is different than an admission by Appellant. *Cf. Taylor v. State*, 260 So. 3d 151, 163 (Fla. 2018) ("We conclude that the . . . affidavit would not produce an acquittal on retrial because it does not present any information disputing or explaining the statements made by [the defendant] as to the murder."). As a result, we conclude that counsel's strategic concession, which was apparently based on the only evidence offered at trial, does not conclusively refute Appellant's newly discovered evidence claim.

We therefore remand for further proceedings.

AFFIRMED in part, REVERSED in part, and REMANDED.

LAMBERT, J., concurs.
BOATWRIGHT, J., concurs with opinion, in which LAMBERT, J., concurs.

---

[*] To the extent the postconviction court also concluded, without an evidentiary hearing, that the newly discovered evidence would not likely produce an acquittal on retrial based on the testimony of Appellant's co-defendants and other "third-party witnesses," the record attachments likewise do not conclusively refute the claim.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

J. BOATWRIGHT, concurring.

Based on the reasoning in the trial court's order, I concur with the Court's majority opinion that it would be appropriate to remand this cause back to the trial court for further proceedings. However, I write separately to discuss the legal and facial insufficiencies of Green's motion, which are apparent on our record, but were not addressed by the trial court.

First, the affidavit that is the basis of Green's newly discovered evidence claim is not properly sworn. The oath attached to the affidavit is signed by the notary, and not Hawkins, who is the affiant. It is the notary who therefore swears to facts under penalty of perjury and not Hawkins. Nowhere on the document is Hawkins' signature. A newly discovered evidence claim "must be supported by a properly sworn affidavit from the witness whose testimony provides the basis for the claim." *See Himes v. State*, 310 So. 3d 542, 544 (Fla. 1st DCA 2021) (citing Fla. R. Crim. P. 3.850(c)). Thus, Green's motion was facially insufficient. *Id.*

Second, while Green included the certification requirements of rule 3.850(n), he did not sign the certification under penalties of perjury; thus, the motion is not properly sworn. *See* Fla. R. Crim. P. 3.850(c) ("The motion must be *under oath* stating that the defendant has read the motion or that it has been read to her, that the defendant understands its content, and that all of the facts stated therein are true and correct. The motion must include the certifications required by subdivision (n) of this rule . . . ." (emphasis added)); *see also Spera v. State*, 971 So. 2d 754, 762 (Fla. 2007) ("[R]ule 3.850 . . . require[s] that defendants file [a] postconviction motion[] under oath and penalty of perjury that all the facts alleged are true."); *State v. Shearer*, 628 So. 2d 1102, 1103 (Fla. 1993) (requiring that the oath under rule 3.850 provide, with no qualifying language, that movant makes the required certifications "under penalty of perjury"). An unnotarized rule 3.850 motion must contain the oath prescribed in Florida Rule of Criminal Procedure 3.987, which reads: "Under penalties of perjury, I declare that I have read the foregoing motion and that

6

the facts stated in it are true." *Shearer*, 628 So. 2d at 1103–04 (amending rule 3.987 to provide the prescribed oath for unnotarized rule 3.850 motions). Since Green's motion was not notarized, he was required to sign the certification under penalty of perjury, which he did not do.

The proper procedure for addressing a facially insufficient motion is to dismiss the motion and allow the defendant an opportunity to amend the motion to cure the technical deficiencies. *See* Fla. R. Crim. P. 3.850(n)(2) (providing that a defendant's failure to include a proper oath and English certification "shall be grounds for the entry of an order dismissing the motion pursuant to subdivision (f)(1), (f)(2), or (f)(3)"). According to rule 3.850(f)(2), "If the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion." As a result, the trial court should have dismissed the motion and allowed the defendant an opportunity to amend the motion to cure the technical deficiencies. *See Cherry v. State*, 286 So 3d 891, 892 (Fla. 5th DCA 2019) ("The postconviction court's first task should have been to analyze and address the facial sufficiency of Cherry's motion.").

Finally, in regard to setting an evidentiary hearing on remand, it should be noted that a postconviction movant is not entitled to an evidentiary hearing based upon a legally or facially insufficient motion. *See Atwater v. State*, 788 So. 3d 223, 232 (Fla. 2001) ("[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion *unless* (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." (emphasis added)). Regarding the technical deficiency in Green's oath, the Florida Supreme Court has routinely underscored the importance of ensuring that a rule 3.850 motion is properly sworn under penalty of perjury before treating it on the merits.[1] *See Shearer*, 628 So. 2d at 1103 (rejecting the use

---

\* Notably, without the requirement that a rule 3.850 motion be sworn under penalty of perjury, petitioners would be able to freely allege any facts that would make out a legally sufficient

of a qualified oath and stating that by qualifying the oath, a "defendant could file a motion for post-conviction relief based upon a false allegation of fact without fear of conviction for perjury"). The court has explained: "If the allegation proved to be false, the defendant would be able to simply respond that his verification of the false allegation had been 'to the best of his knowledge' and that he did not know that the allegation was false," and it has accordingly opined: "We require more than that. The defendant must be able to affirmatively say that his allegation is true and correct." *Id.* (internal citations omitted); *see also Spera*, 971 So. 2d at 762 (citing, inter alia, *Stevens v. State*, 947 So. 2d 1227, 1228 (Fla. 2d DCA 2007) ("The purpose of the oath is to prevent false factual allegations by subjecting the movant to prosecution for perjury if the factual allegations in the motion prove to be false.")). Thus, on remand, prior to setting an evidentiary hearing, the trial court should first grant Green an opportunity, pursuant to the procedures prescribed by rule 3.850(f)(2) and (n)(2), to amend his motion to cure the technical deficiencies in his oath and in the accompanying affidavit.

LAMBERT, J., concurs.

---

claim to get to an evidentiary hearing without fear of prosecution for making false statements of fact.