ON MOTION FOR REHEARING

PER CURIAM.
We withdraw the opinion dated December 22, 1999, and substitute the following.
The trial court denied Derrick Wilfong’s postconviction motion because his factual allegations were contained in an unsworn memorandum, not in the motion itself. Where that type of technical defect renders a motion legally insufficient, the motion should not be denied, but rather should be dismissed with leave to file a new motion that cures the error. Anderson v. State, 627 So.2d 1170, 1171 (Fla.1993).
We therefore affirm the summary denial of the motion, but do so without prejudice to file a new, properly sworn motion raising the same claims. Since the time for filing under Florida Rule of Criminal Procedure 3.850(b)(1999) has now expired, the new motion must be filed within thirty days of the issuance of the mandate in this appeal.
POLEN, KLEIN and TAYLOR, JJ., concur.