PER CURIAM.
The trial court denied Boehm’s motion for postconviction relief finding it was facially insufficient although factual allegations were contained in his unsworn memorandum of law. This court recently suggested that, when such a technical defect renders a motion legally insufficient, instead of denying the motion, it should be dismissed with leave to file a new motion that cures the defect. See Wilfong v. State, 765 So.2d 67 (Fla. 4th DCA 2000)(on motion for rehearing).
Consequently, without passing on the merits of Boehm’s claim, our affirmance is without prejudice for Boehm to file a time *572 ly, properly sworn motion raising again the claim that his attorney was ineffective for failing to present the defense of voluntary intoxication.
WARNER, C.J., STEVENSON and GROSS, JJ., concur.