946 So.2d 649 (2007)
Nicholas M. WELCH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3024.
District Court of Appeal of Florida, Second District.
January 26, 2007.
*650 KELLY, Judge.
Nicholas M. Welch appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because Welch's postconviction motion is not properly sworn, we reverse the postconviction court's denial and remand for further proceedings.
Welch's rule 3.850 motion and memorandum of law alleged six claims. The postconviction court addressed the six claims on the merits. However, Welch's rule 3.850 motion, which contained the supporting facts for the claims, was not properly sworn in compliance with rule 3.850(c).[1] Page 17 of Welch's rule 3.850 motion contained the authorized "unnotarized oath" with Welch's name and address in block print under the oath and a line for Welch's signature. See Fla. R.Crim. P. 3.987; State v. Shearer, 628 So.2d 1102, 1103 (Fla. 1993). However, Welch did not sign the oath. Because Welch's rule 3.850 motion was not properly sworn, the postconviction court should have dismissed it without prejudice to Welch timely filing a properly sworn motion. See Ferrell v. State, 825 So.2d 498, 499 (Fla. 2d DCA 2002).
Accordingly, we reverse the postconviction court's order and remand for dismissal of Welch's rule 3.850 motion without prejudice to Welch timely filing a verified rule 3.850 motion. If the postconviction court again denies Welch's motion, it must either attach to its order those portions of the record that conclusively refute his claims or conduct an evidentiary hearing.
Reversed and remanded.
SALCINES and VILLANTI, JJ., Concur.
NOTES
[1] Welch's memorandum of law was sworn; however, it contained only legal argument. Accordingly, the postconviction court could not have read it in conjunction with the motion to supply the requisite sworn factual allegations required by rule 3.850(c). Cf. Price v. State, 487 So.2d 34 (Fla. 1st DCA 1986). We also note that because the memorandum contained only legal argument, it did not have to be sworn. Stevens v. State, No. 2D05-6156, ___ So.2d ___, 2007 WL 188328 (Fla. 2d DCA Jan. 24, 2007) (holding that a memorandum of law need not be sworn if it is not the source of the factual allegations supporting a motion made pursuant to rule 3.850).