984 So.2d 561 (2008)
Brandin CHRISTNER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-290.
District Court of Appeal of Florida, Second District.
May 16, 2008.

*562 Order Directing the Circuit Court to Enter a Final Postconviction Order

Brandin Christner appeals from an order in which the circuit court denied one ground of his motion pursuant to Florida Rule of Criminal Procedure 3.850 and struck the second ground as facially insufficient with leave for Mr. Christner, within thirty days, to "file any amended, facially sufficient rule 3.850 motion, should he choose to do so." We have learned from the circuit court clerk that Mr. Christner did not avail himself of this opportunity within the prescribed time to submit his amended claim.
The circuit court's order granting leave to amend complies with the dictates of Spera v. State, 971 So.2d 754 (Fla.2007). However, it presents a jurisdictional problem for this court. We agree with the Fifth District that an unfavorable ruling on one or more postconviction claims with leave to amend is not an appealable, final order. Howard v. State, 976 So.2d 635 (Fla. 5th DCA 2008). We do not, however, concur that we should precipitously dismiss such appeals, thus placing the burden on the defendant to obtain "a denial of the motion that does not include leave to amend." Id. at 636.
In this case, Mr. Christner cannot be entirely blamed for filing a premature appeal of an order that was not final. He simply obeyed the circuit court. Its order pronounced that "this is a final order" and incorrectly admonished Mr. Christner that he had thirty days to file an appeal of the ruling. It is worth emphasizing that, in light of Spera, such language should be used only in appealable orders. When orders in postconviction proceedings are not appealable, circuit court judges would be well advised to expressly inform movants that the order is "not appealable at this time."
Were we to follow the choice made in Howard and dismiss this proceeding, Mr. Christner would be left with the task of persuading the circuit courtfrom his prison setting with all the usual disadvantages of litigating from confinementto enter a second order fully disposing of his motion before he could institute his appeal anew. By requiring Mr. Christner and those similarly positioned to attract the postconviction court's attention to complete its work on their motions, we can envision an increase in the number of mandamus petitions filed in this court seeking assistance with prompting the circuit court to perform its ministerial duty to enter a final, appealable order.[1]
Having confirmed that Mr. Christner did not take advantage of the opportunity afforded him to amend one claim, we elect not to dismiss this appeal as from an order *563 that is not final. Instead, we direct the postconviction court to enter a final order disposing of his motion within thirty days, which the circuit court clerk shall transmit to this court promptly thereafter.[2] The rendition of a final order will rescue this premature appeal from its jurisdictional shortcomings. This court can then consider both the postconviction court's denial of one claim addressed on its merits and its determination that the other ground was facially insufficient. Movants should understand that when they elect not to amend a motion, the order we review is a final order that, if affirmed, will generally not allow them to relitigate additional postconviction issues at a later time.
Administrative difficulties are bound to follow the supreme court's pronouncements aimed at resolving postconviction claims on their merits. See Spera, 971 So.2d 754; Bryant v. State, 901 So.2d 810 (Fla.2005); Nelson v. State, 875 So.2d 579 (Fla.2004). We intend to adopt the procedure outlined in this order in subsequent Spera appeals brought prematurely to this court after we confirm that the appellant has not submitted an amended claim within the time allotted by the postconviction court. If we determine that an appellant in a postconviction appeal of a similar order has filed an amended claim that has not yet been finally determined by the postconviction court, we intend to dismiss the appeal with directions to the appellant to appeal the final disposition and hence capture review of all claims raised in the initial motion and the amendment. If we determine that an amendment has been filed and finally determined by the postconviction court, we intend to order supplementation of our record, summary or otherwise, with the final, appealable order, thus maturing the premature appeal.
Accordingly, within thirty days, the postconviction court shall enter a final, appealable order on Mr. Christner's motion.
ALTENBERND, WHATLEY, and STRINGER, JJ., Concur.
NOTES
[1] In 2007 this court received 389 mandamus petitions classified as criminal, virtually all of which were pro se submissions by prisoners requesting an order from this court to require the circuit court to consider and rule on a postconviction claim.
[2] If a circuit court used a tickler system when entering such orders, the court could then enter a final order denying the motion if the movant did not file an amendment. This would help the process run more smoothly.