ALTENBERND, Judge.
 

 Daniel Callaghan appeals an order entered by the trial court in his criminal case to resolve motions filed several years after this court affirmed the judgment and sentence on appeal.
 
 Callaghan v. State,
 
 939 So.2d 100 (Fla. 2d DCA 2006) (table decision). We dismiss the appeal because the
 
 *73
 
 order is a nonfinal order not entitled to review.
 

 Our record is very sparse. However, it appears that on May 27, 2008, Mr. Callaghan filed a “Motion for Judge to Act as Seventh Juror” and a motion for new trial. On October 27, 2008, the trial judge denied the unusual motion asking him to sit as a seventh juror and dismissed the motion for new trial as untimely but without prejudice to Mr. Callaghan’s right to file a proper postconviction motion within thirty days.
 

 Although it is not in our record, within thirty days, Mr. Callaghan apparently filed an amended motion for new trial. The trial court concluded that its earlier order may have confused Mr. Callaghan, so it once again dismissed the motion without prejudice, giving Mr. Callaghan another thirty days in which to file a proper post-conviction motion. Mr. Callaghan appealed that order of dismissal to this court.
 

 Both of these rulings seem appropriate and reflect a judge attempting to be quite patient with a pro se litigant while complying fully with
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007). Unfortunately, both orders contain language informing the defendant that he “has thirty (30) days from the date of this Order to file an appeal.” That advice was legally incorrect.
 
 Lawrence v. State,
 
 987 So.2d 157 (Fla. 2d DCA 2008). Both the earlier order and this order on appeal are nonfinal postconviction orders that cannot be challenged until the trial court enters a final order on postconviction.
 

 Dismissed.
 

 KELLY and LaROSE, JJ„ Concur.