GALLEN, THOMAS M., Associate Senior Judge.
 

 Joel James appeals the postconviction court’s order denying his motion to withdraw plea without prejudice. We fully agree with the postconviction court’s determination that it lacked jurisdiction to entertain James’s motion pursuant to Florida Rule of Criminal Procedure 3.170(Z) because James failed to file the motion within thirty days after rendition of his sentence.
 
 See Gafford v. State,
 
 783 So.2d 1191, 1192 (Fla. 1st DCA 2001) (noting that the time limit under rule 3.170(0 is jurisdictional). We also agree with the postconviction court’s finding that because the motion lacked the proper oath it could not be considered under Florida Rule of Criminal Procedure 3.850.
 
 See
 
 Fla. R.Crim. P. 3.850(c) (requiring motion to be under oath);
 
 Welch v. State,
 
 946 So.2d 649, 650 (Fla. 2d DCA 2007) (reversing order summarily denying 3.850 motion and remanding for dismissal of motion for lack of proper oath);
 
 Morais v. State,
 
 640 So.2d 1227, 1228 (Fla. 2d DCA 1994) (affirming order dismissing 3.850 motion for lack of proper oath). However, the proper disposition of the motion would have been to dismiss the motion without prejudice to James’s timely filing a facially sufficient motion under rule 3.850.
 
 See Welch,
 
 946 So.2d at 650;
 
 Morais,
 
 640 So.2d at 1228. Accordingly, we reverse the order denying James’s motion and remand for the post-conviction court to enter an order dismissing the motion without prejudice to his timely filing of a facially sufficient motion under rule 3.850.
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and NORTHCUTT, J., Concur.