SILBERMAN, Judge.
 

 ORDER RELINQUISHING JURISDICTION FOR ENTRY OF A FINAL POSTCONVICTION ORDER
 

 Rodney D. Havens filed a timely motion for postconviction relief asserting five claims of ineffective assistance of counsel. On August 26, 2009, the circuit court denied four of the claims but dismissed claim five “without prejudice to provide the Defendant the opportunity to make these claims facially sufficient” and to file an amended motion within thirty days. This was the appropriate procedure under
 
 Spera v. State,
 
 971 So.2d 754, 755 (Fla.2007). In the same order, the circuit court notified Havens that he had thirty days to file a notice of appeal, as is required when the court enters a
 
 final
 
 order on a motion for postconviction relief.
 
 See
 
 Fla. R.Crim. P. 3.850(g). On September 25, 2009, Havens filed a premature notice of appeal. From our examination of the circuit court clerk’s online docket, however, it appears that Havens also filed an amended motion on that date, which the circuit court denied on October 30, 2009.
 

 An order dismissing a motion for postconviction relief that also provides leave to amend is not a final order for purposes of appeal.
 
 Christner v. State,
 
 984 So.2d 561, 562 (Fla. 2d DCA 2008). Therefore, the circuit court’s notice to Havens that he had the right to appeal the order was erroneous. We have addressed this anomaly in
 
 Christner, id,.,
 
 and subsequent cases.
 
 See, e.g., Koszegi v. State,
 
 993 So.2d 133 (Fla. 2d DCA 2008);
 
 Lawrence v. State,
 
 987 So.2d 157 (Fla. 2d DCA 2008).
 

 This case differs from the situation in
 
 Christner
 
 because it appears that Havens did file an amended motion, which was ultimately denied. However, the circuit court lacked jurisdiction to consider the amended motion after Havens filed his notice of appeal, albeit prematurely.
 
 See
 
 Fla. R.App. P. 9.600(a);
 
 Zinnermon v. State,
 
 685 So.2d 893 (Fla. 2d DCA 1996).
 

 As in
 
 Christner,
 
 we elect to relinquish jurisdiction to the circuit court for thirty days for the court to enter a final order encompassing all of Havens’ claims. The circuit court clerk shall immediately sup
 
 *805
 
 plement the record upon rendition of the final order.
 

 Jurisdiction relinquished with directions.
 

 WHATLEY and LaROSE, JJ., Concur.