WALLACE, Judge.
 

 Trenton Herron filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 raising five claims with multiple subparts. The post-conviction court denied some claims and dismissed others as facially insufficient. Instead of setting a reasonable time limit of no more than thirty days for amending the facially insufficient claims as required by
 
 Spera v. State,
 
 971 So.2d 754, 761 (Fla.2007), the postconviction court permitted amendment at any time within the two-year time limit of rule 3.850(b), which in Mr. Herron’s case does not expire until approximately March 9, 2011. At the same time, the postconviction court erroneously notified Mr. Herron that he could appeal this nonfinal order within thirty days, and Mr. Herron did so.
 

 We do not have jurisdiction to review this nonfinal order.
 
 See Havens v. State,
 
 27 So.3d 803, 804 (Fla. 2d DCA 2010);
 
 Christner v. State,
 
 984 So.2d 561, 562 (Fla. 2d DCA 2008). And because the postcon-viction court did not specify a reasonable time for Mr. Herron to amend the motion, we cannot relinquish jurisdiction for entry of a final order but must dismiss this appeal.
 

 On remand, the postconviction court should first enter a revised order allowing
 
 *207
 
 amendment within a reasonable time as dictated by
 
 Spent.
 
 If Mr. Herron does not amend the motion within the specified time, the court should enter a final order disposing of all of Mr. Herron’s claims. If Mr. Herron does amend his motion, the court must consider the amendments in its final disposition.
 
 See Lawrence v. State,
 
 987 So.2d 157, 159 (Fla. 2d DCA 2008).
 

 Dismissed and remanded.
 

 WHATLEY and LaROSE, JJ., Concur.