ORDER DISMISSING APPEAL
 

 ALTENBERND, Judge.
 

 James E. Wooten appeals from the dismissal without prejudice of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The circuit court judge found that all of his claims related to the entry of a plea were facially insufficient because Mr. Wooten did not specifically explain how he was prejudiced by his counsel’s deficient performance. The court appropriately dismissed the motion and permitted Mr. Wooten to refile an amended version within sixty days of the date of its order. Unfortunately, however, the court also advised Mr. Wooten that he had only thirty days to appeal the order. “That advice was legally incorrect.”
 
 See Callaghan v. State,
 
 32 So.3d 72, 73 (Fla. 2d DCA 2009) (citing
 
 Lawrence v. State,
 
 987 So.2d 157 (Fla. 2d DCA 2008)).
 

 A dismissal of a postconviction motion without prejudice, which contemplates further amendment or refiling before it can be considered on its merits, is a nonfinal,
 
 *188
 
 nonappealable order.
 
 See Havens v. State,
 
 27 So.3d 803, 804 (Fla. 2d DCA 2010);
 
 Christner v. State,
 
 984 So.2d 561, 563 (Fla. 2d DCA 2008). It appears that Mr. Wooten has until sometime in November 2010 before his time to file motions under rule 3.850 will have expired. However, the circuit court’s admonition to refile the motion within a specific time has been approved by this court as a way to insure that rule 3.850 motions raising one or more claims are ripened and ready for disposition on the merits — and further appellate review if denied — in a timely and efficient manner.
 
 See Havens,
 
 27 So.3d at 804;
 
 Christner,
 
 984 So.2d at 563. Therefore, this court’s dismissal is without prejudice for Mr. Wooten to refile his amended motion in the circuit court within sixty days of the date on which this opinion becomes final.
 

 YILLANTI and LaROSE, JJ., Concur.