DAVIS, Judge.
 

 Jeffrey W. Russell challenges the post-conviction court order striking his motion to reinstate his original postconviction motion and supplemental motion. Because a final, appealable postconviction order has not been rendered, we dismiss the appeal.
 

 Russell filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Concluding that the motion was facially insufficient, the postcon-viction court entered an order dismissing it without prejudice to Russell filing an amended motion. The order also failed to set forth a reasonable time limit within which Russell could amend the claims, as is required by
 
 Spera v. State,
 
 971 So.2d 754, 761 (Fla.2007). Because the dismissal was without prejudice to amend, it is not a final, appealable order.
 
 See Havens v. State,
 
 27 So.3d 803, 804 (Fla. 2d DCA 2010);
 
 Christner v. State,
 
 984 So.2d 561, 562 (Fla. 2d DCA 2008).
 

 In response to the postconviction court’s order, instead of amending any of the claims raised in his original postconviction motion, Russell moved to reinstate that original motion and supplement it with one additional claim. The postconviction court entered an order on November 3, 2009, striking the motion to reinstate and supplement, noting that Russell was still within the two-year time limit for filing a rule 3.850 motion. It is this order that is the subject of this appeal.
 

 Because Russell’s rule 3.850 two-year time limit had not yet expired and the trial court had not ruled on the merits of his original postconviction motion when he filed his “motion to reinstate,” it appears that he had the right to supplement his original motion.
 
 See Norris v. State,
 
 832
 
 *152
 
 So.2d 969, 970 (Fla. 2d DCA 2002) (“A defendant may amend a rule 3.850 motion if the trial court has not yet ruled on the motion and the amendment is filed within the two-year time limit.”). But until a final order on the original postconviction motion is entered, we do not have jurisdiction to review interim orders and we must dismiss this appeal.
 
 See Herron v. State,
 
 34 So.3d 206 (Fla. 2d DCA 2010).
 

 As set out in
 
 Herron,
 
 the postconviction court should enter a revised order allowing Russell to amend his original motion within thirty days, pursuant to
 
 Spera,
 
 971 So.2d at 761. If Russell fails to amend within that time, the court should then enter a final order disposing of all of Russell’s claims.
 
 See Brown v. State,
 
 38 So.3d 888 (Fla. 2d DCA 2010).
 

 Dismissed.
 

 LaROSE and KHOUZAM, JJ., Concur.