LaROSE, Judge.
Eduardo Vazquez appeals an order striking his motion for postconviction relief because it contained an insufficient oath. See Fla. R.Crim. P. 3.850(e); Scott v. State, 464 So.2d 1171, 1172 (Fla.1985); Welch v. State, 946 So.2d 649, 650 (Fla. 2d DCA 2007). We dismiss the appeal for lack of jurisdiction.
The postconviction court struck Mr. Vazquez’s motion without prejudice to refile a properly sworn motion within sixty days. This is not a final order. See Havens v. State, 27 So.3d 803, 804 (Fla. 2d DCA 2010); Christner v. State, 984 So.2d 561, 562-63 (Fla. 2d DCA 2008). However, the order advised Mr. Vazquez that he must appeal within thirty days. Mr. Vazquez followed this directive and timely filed notice of appeal. To our knowledge, he did not amend his rule 3.850 motion.
In Christner, 984 So.2d at 562, we explained that a postconviction court should advise a claimant, in circumstances involving a nonfinal order such as the one present here, that the order is “not appealable at this time.” Accordingly, on remand, the postconviction court should amend its order to so provide and should also give Mr. Vazquez sixty days in which to file a sufficient postconviction motion if he is able to do so. See Scott, 464 So.2d at 1172; Welch, 946 So.2d at 650; see also Herron v. State, 34 So.3d 206 (Fla. 2d DCA 2010).
Dismissed and remanded.
KELLY and KHOUZAM, JJ., Concur.