SILBERMAN, Judge.
 

 Scott Gosney seeks review of two orders summarily denying his motion and amended motion for postconviction relief. Be
 
 *729
 
 cause the court granted Gosney leave to amend several claims and has not yet issued a final ruling on these claims, the orders at issue are nonfinal, nonappealable orders. Accordingly, we dismiss this appeal.
 

 A jury convicted Gosney of burglary, and the trial court sentenced him to thirty years in prison as a habitual felony offender with ten years suspended to be served on probation. The court also imposed a fifteen-year mandatory minimum as a prison releasee reoffender. Gosney appealed, and this court affirmed his judgment and sentence.
 
 See Gosney v. State,
 
 22 So.3d 548 (Fla. 2d DCA 2009) (table). Mandate issued on December 8, 2009.
 

 On February 11, 2010, Gosney filed a postconviction motion pursuant to Florida Rule of Criminal Procedure 3.850 in which he raised six claims of ineffective assistance of counsel (claims l(a-e) and 2). On March 23, 2010, Gosney filed an amended rule 3.850 motion in which he raised five additional claims of ineffective assistance of counsel (claims 3-7).
 
 [1]
 

 On March 31, 2010, the postconviction court rendered an order on the February 11, 2010, motion. The court dismissed claim 1(c) as successive and denied claim 2 on the merits. The court dismissed claims l(a, b, d, e) as facially insufficient and provided leave for Gosney to “timely” file a facially sufficient claim pursuant to
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007). The order did not set forth a specific deadline for amendment and stated that Gosney had thirty days in which to appeal. Gos-ney did not file an amendment of the claims pursuant to
 
 Spera
 
 or a notice of appeal from this order.
 

 On May 7, 2010, the postconviction court rendered an order on the March 23, 2010, amended motion. The court dismissed claim 3 as facially insufficient and denied claims 4-7 on the merits. The order stated that Gosney had thirty days in which to appeal. The court did not address the claims that it had dismissed with leave to amend in the March 31, 2010, order.
 

 Gosney subsequently filed a notice of appeal. In his pro se brief, Gosney presents additional information as to the claims that were dismissed as facially insufficient in the court’s March 31, 2010, order (claims l(a, b, d, e)) and as to claim 2, which the court had denied.
 

 This case is procedurally unusual because Gosney filed an amended rule 3.850 motion adding new claims before the court ruled on the first rule 3.850 motion, but the court issued two separate orders addressing the motion and amended motion. In the March 31, 2010, order the court denied relief on two claims but dismissed claims l(a, b, d, e) with leave for Gosney to amend. However, as noted above, the court did not give Gosney a time certain in which to amend claims l(a, b, d, e), and the court has not issued a final ruling on these claims. Gosney’s two-year period in which to file his rule 3.850 motion does not expire until December 8, 2011; thus he may still file a timely amendment to these claims.
 
 See
 
 Fla. R.Crim. P. 3.850(b).
 

 Of course, Gosney may not be aware that he can still amend claims l(a, b, d, e) in the postconviction court because the March 31, 2010, order informed Gosney he had thirty days to appeal. This information was erroneous because the order was not a final, appealable order.
 
 See Lawrence v. State,
 
 987 So.2d 157, 158 (Fla. 2d
 
 *730
 
 DCA 2008) (holding that orders that deny some rule 3.850 claims but dismiss others with leave to amend under
 
 Spera
 
 are not final, appealable orders).
 

 In the May 7, 2010, order the court dismissed claim 3 as facially insufficient and denied claims 4-7 on the merits. However, because the court did not address claims l(a, b, d, e), this order is also a nonfinal, nonappealable order.
 
 See Russell v. State,
 
 46 So.3d 151, 152 (Fla. 2d DCA 2010) (“[U]ntil a final order on the original postconviction motion is entered, we do not have jurisdiction to review interim orders and we must dismiss this appeal.”). As with the earlier order, the May 7, 2010, order erroneously informed Gosney he had thirty days to appeal.
 

 In summary, neither the March 31, 2010, order, nor the May 7, 2010, order is a final, appealable order because claims l(a, b, d, e) have not yet been ruled upon. Thus, this appeal is dismissed with directions for the court to enter an order allowing amendment within a time certain.
 
 See, e.g., Herron v. State,
 
 34 So.3d 206, 206-07 (Fla. 2d DCA 2010).
 

 This disposition necessarily precludes our review of the court’s rulings on the remainder of the claims. That said, the May 7, 2010, order dismissed claim 3 as facially insufficient without providing Gos-ney leave to amend as required by
 
 Spera.
 
 We call attention to this error so that the court may afford Gosney an opportunity to amend this claim on remand.
 

 Appeal dismissed.
 

 CASANUEVA, C.J., and WHATLEY, J., Concur.
 

 [1]
 

 . The filing dates that we refer to are the pertinent dates under the "mailbox rule.”
 
 See Haag v. State,
 
 591 So.2d 614, 617 (Fla.1992). Also, the trial court referred to the additional claims as claims 1 through 5. We have renumbered them to distinguish them from the original claims.