MORRIS, Judge.
Norise Andrew appeals from an order of the postconviction court denying his “express and specific demand for performance.” In his motion, Andrew asked the postconviction court to rule on a motion for postconviction relief that he delivered into the hands of corrections officials on September 13, 2008. Andrew filed the September 2008 motion after the postconviction court dismissed his first motion as facially insufficient, without prejudice for Andrew to file a timely and facially sufficient motion. However, the judge ordering the August 2008 dismissal of the first motion erroneously advised Andrew that he had thirty days to appeal, so Andrew *195 filed a notice of appeal — on September 13, 2008, the same date on which he filed his new motion for postconviction relief attempting to cure the facial insufficiency. The postconviction court struck the September 2008 motion for lack of jurisdiction because it could not rule on it while Andrew’s appeal, case number 2D08-4709, was pending.
During the course of the appellate proceedings, Andrew attempted to return jurisdiction to the circuit court to get a ruling on the merits of his September 2008 motion by filing a motion to relinquish jurisdiction and a notice of voluntary dismissal in this court. Rather than grant the motion to relinquish jurisdiction or accept the notice of voluntary dismissal, however, this court issued a per curiam affir-mance. The mandate in case number 2D08^4709 issued on June 2,2009.
Some eighteen months later, in January 2011, Andrew filed the pleading titled “express and specific demand for performance” requesting that the postconviction court rule on his September 2008 motion for postconviction relief. The postconviction court denied the demand for specific performance as moot because the court had already struck the motion for lack of jurisdiction.
Technically, the postconviction court’s order is correct. The court had indeed ruled on the September 2008 motion by striking it. Not only that, but the court had also advised Andrew that he had a right to refile his motion once the mandate issued in case number 2D08-4709, but Andrew never actually did so. Meanwhile, in this court, Andrew somewhat persistently attempted to have jurisdiction returned to the circuit court, apparently incorrectly assuming that the September 2008 motion was simply lying dormant until that event occurred. And admittedly, the more appropriate action in this court would have been to dismiss case number 2D08-4709 or to relinquish jurisdiction to the postconviction court as Andrew requested because the August 2008 order was a nonfinal order that afforded Andrew an opportunity to cure deficiencies in his motion before a final order on the merits was issued. See, e.g., Havens v. State, 27 So.3d 803, 804 (Fla. 2d DCA 2010); Christner v. State, 984 So.2d 561, 562 (Fla. 2d DCA 2008).
Accordingly, we affirm the postconviction court’s order denying Andrew’s “express and specific demand for performance.” However, given the procedural anomalies of this unusual case, this affir-mance is without prejudice to Andrew’s filing of a motion for postconviction relief-limited to the grounds raised in the September 2008 motion — within sixty days of the date that this opinion becomes final.
Affirmed.
LaROSE and BLACK, JJ., Concur.