VILLANTI, Judge.
 

 Todd Kevin Norwood appeals the post-conviction court’s order vacating all of the orders it entered while a motion for rehearing was pending in this court. We affirm but remand with directions.
 

 Norwood filed a motion for postconviction relief in November 2006 raising twelve grounds for relief. In August 2007, the postconviction court summarily denied nine of the claims and ordered an eviden-tiary hearing on the remaining three claims. In May 2008, the postconviction court denied the remaining claims after an evidentiary hearing. Norwood appealed this final order.
 

 On May 7, 2010, this court issued an opinion reversing the summary denial of claim one of Norwood’s motion, which alleged that counsel was ineffective for failing to allege a violation of his right to speedy trial, and we remanded for the postconviction court to give Norwood leave to amend this claim pursuant to
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007). Both Norwood and the State filed motions for rehearing. This court denied Norwood’s motion for rehearing. Mandate was then inadvertently issued on August 18, 2010, even though the State’s motion for rehearing remained pending.
 

 Based on the issuance of our mandate, the postconviction court assumed it had jurisdiction, and it entered several orders relating to claim one of Norwood’s motion. Ultimately, it scheduled an evidentiary hearing on claim one and appointed counsel for Norwood. However, before that hearing could be held in the postconviction court, this court granted the State’s motion for rehearing in the still-pending appeal, withdrew the May 7, 2010, opinion, and affirmed the postconviction court’s original denial of claim one. Mandate issued on April 12, 2011.
 

 After this “second” mandate issued, the postconviction court entered an order vacating all of the orders it had entered as a result of the mandate erroneously issued on August 18, 2010. This was proper because the postconviction court lacked jurisdiction to consider claim one of Norwood’s motion while rehearing of that same claim was pending in this court.
 
 Cf. Havens v. State,
 
 27 So.3d 803, 804 (Fla. 2d DCA 2010) (holding that the postconviction court has no jurisdiction to consider a motion for postconviction relief while an earlier disposition of that motion is pending in this court).
 

 However, in reliance on the postconviction court’s orders entered after this court’s premature issuance of mandate, Norwood has now amended claim one to be facially sufficient. Therefore, under the unique circumstances of this case, on remand the postconviction court should consider the merits of claim one of Norwood’s motion.
 

 Affirmed.
 

 NORTHCUTT and WALLACE, JJ., Concur.