# Third District Court of Appeal

## State of Florida

Opinion filed January 20, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2562
Lower Tribunal No. 07-39482
_____

**Willie Dumel,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Law Offices of Andrew Rier and Daniel Tibbitt, for appellant.

Pamela Jo Bondi, Attorney General, and Jacob Addicott, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and LAGOA and LOGUE, JJ.

LAGOA, J.

The appellant, Willie Dumel ("Dumel") appeals the summary denial of his

motion for postconviction relief pursuant to Florida Rule of Criminal Procedure

3.850. Because Dumel's motion was not properly sworn, we reverse the trial court's denial and remand for further proceedings.

Dumel moved for postconviction relief under rule 3.850 based on newly discovered evidence. The trial court addressed the merits of his claim and the motion was summarily denied. The motion and reply to the State's response, however, both of which were filed by counsel, contained no oath. Although Dumel's attorney stated in the motion that he would "supplement this motion with a sworn affidavit" from Dumel, the record before this Court shows no such supplementary filing.

A rule 3.850 motion for postconviction relief "must be under oath." Fla. R. Crim. P. 3.850(c). Florida Rule of Criminal Procedure 3.987, which sets forth the model form for use in postconviction 3.850 motions, provides that the motion must be signed by the defendant and contain one of two permissible versions of the oath, both of which contain language that the defendant has read the motion and that the facts stated in it are true. Fla. R. Crim. P. 3.987(1). A defendant's failure to comply with the oath requirement warrants dismissal of the motion without prejudice. See Groover v. State, 703 So. 2d 1035, 1038 (Fla. 1997); Welch v. State, 946 So. 2d 649, 650 (Fla. 2d DCA 2007). The defendant, however, must be given an opportunity to amend the motion. See Fla. R. Crim. P. 3.850(f)(2); Gisi v. State, 135 So. 3d 493, 495 (Fla. 2d DCA 2014).

2

Accordingly, we reverse the trial court's order and remand for dismissal of Dumel's 3.850 motion without prejudice to Dumel timely filing a verified rule 3.850 motion.

Reversed and remanded with directions.