NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ARTHUR HARDY,                         )
                                      )
          Appellant,                  )
                                      )
v.                                    )          Case No. 2D15-5625
                                      )
STATE OF FLORIDA,                     )
                                      )
          Appellee.                   )
_____)

Opinion filed November 30, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Glenn T. Shelby, Judge.

Arthur Hardy, pro se.


SILBERMAN, Judge.

          Arthur Hardy filed a timely motion for postconviction relief pursuant to

Florida Rule of Criminal Procedure 3.850 raising seven claims. The postconviction

court found the third claim to be facially insufficient and afforded Mr. Hardy sixty days to

amend, as required by rule 3.850(e). The postconviction court informed Mr. Hardy that

the order was nonfinal and that he "may not appeal until such time as a Final Order has

been rendered." See Havens v. State, 27 So. 3d 803, 804 (Fla. 2d DCA 2010) ("An

order dismissing a motion for postconviction relief that also provides leave to amend is

not a final order for purposes of appeal." (citing <u>Christner v. State</u>, 984 So. 2d 561, 562 (Fla. 2d DCA 2008))).

Mr. Hardy failed to timely amend his third claim. Instead, after more than sixty days transpired, he filed a "motion for rehearing/motion for leave to amend 3.850 motion" attacking the nonfinal order. Following the postconviction court's denial of his motion for rehearing/motion to amend, this appeal ensued.

Because the postconviction court has not yet entered a final, appealable order disposing of each of Mr. Hardy's claims, this court lacks jurisdiction to review the court's nonfinal order. <u>See</u> <u>Herron v. State</u>, 34 So. 3d 206, 206 (Fla. 2d DCA 2010) (explaining that appellate courts do not have jurisdiction to review nonfinal rule 3.850 orders). On remand, the court may enter a final order denying Mr. Hardy's third claim for failure to timely amend, <u>see</u> Fla. R. Crim. P. 3.850(f)(3), and disposing of the remaining six claims on the merits.

Dismissed and remanded.

WALLACE and MORRIS, JJ., Concur.