NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RUSS FRANKLIN WILSON, SR.,           )
                                     )
            Appellant,               )
                                     )
v.                                   )           Case No. 2D15-4440
                                     )
STATE OF FLORIDA,                    )
                                     )
            Appellee.                )
_____)

Opinion filed October 14, 2016.

Appeal from the Circuit Court for Polk
County; Kelly P. Butz, Judge.

Russ Franklin Wilson, Sr., pro se.

Pamela Jo Bondi, Attorney General,
Tampa, for Appellee.


SLEET, Judge.

Russell Franklin Wilson challenges the postconviction court's summary

denial of his amended Florida Rule of Criminal Procedure 3.850 motion in which he

alleged newly discovered evidence in conjunction with his convictions on several

charges following a jury trial.  In denying the motion, the postconviction court

determined that the affidavits attached to Wilson's motion were "legally insufficient."

Because we see no legal deficiency in Wilson's affidavits, we reverse and remand for

the postconviction court to consider Wilson's amended motion on its merits.

In his initial rule 3.850 motion, Wilson alleged that he had obtained newly discovered evidence in the form of the testimony of six new witnesses. He attached an affidavit from each witness, but each affidavit only stated that the affiant had read Wilson's postconviction motion and that "the facts told to [Wilson] by me are true and correct." Additionally, each affiant included the following attestation tracking the language of section 92.525, Florida Statutes (2015): "I declare that I have read the foregoing and that the facts and matters stated therein are true and correct."

The postconviction court dismissed that initial motion, agreeing with the State's response to Wilson's motion that "the affidavits were legally insufficient" because they failed to list facts personally known to the affiants and instead adopted the allegations made by Wilson and because they were not sworn to under oath before a person having authority to administer an oath. However, the court gave Wilson leave to amend. Wilson did so, this time relying on only two of his claims of newly discovered evidence and attaching the affidavits of those two witnesses. The postconviction court summarily denied the amended motion, concluding that "the affidavits submitted by the defendant from these witnesses remain legally insufficient." The court's order does not specify exactly how the affidavits are insufficient, and our review of the affidavits does not reveal the answer.

First, each affidavit now states that it is made based on the affiant's own personal knowledge and details the facts known to the affiant that would be newly discovered evidence. As such, the affidavits cannot be deemed insufficient in this regard.

Furthermore, as to whether the affidavits were properly sworn, Florida Rule of Criminal Procedure 3.850(c)(7) states: "If the defendant is filing a newly

- 2 -

discovered evidence claim based on recanted trial testimony or on a newly discovered witness, the defendant shall include an affidavit from that person as an attachment to his or her motion."  Additionally, section 92.525 provides as follows:

> (1) If authorized or required by law, by rule of an administrative agency, or by rule or order of court that a document be verified by a person, the verification may be accomplished in the following manner:
>
>> (a) Under oath or affirmation taken or administered before an officer authorized under s. 92.50 to administer oaths;
>>
>> (b) Under oath or affirmation taken or administered by an officer authorized under s. 117.10 to administer oaths; or
>>
>> (c) By the signing of the written declaration prescribed in subsection (2).
>
> (2) A written declaration means the following statement: "Under penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true," followed by the signature of the person making the declaration, except when a verification on information or belief is permitted by law, in which case the words "to the best of my knowledge and belief" may be added.  The written declaration shall be printed or typed at the end of or immediately below the document being verified and above the signature of the person making the declaration.

The affidavits at issue here each contained an attestation tracking the language of section 92.525(2), and we conclude that such is sufficient to satisfy the requirements of rule 3.850(c)(7).  We initially note that the rule only requires an affidavit; it does not specify how the affidavit is to be sworn.  Additionally, the Florida Supreme Court has held that "the unnotarized oath from subsection 92.525(2) [can] be used in a rule 3.850 motion."  State v. Shearer, 628 So. 2d 1102, 1103 (Fla. 1993); see also Hayden v. State, 117 So. 3d 1 (Fla. 2d DCA 2011) ("The Florida Supreme Court has

determined that the oath set forth in section 92.525(2) is sufficient to satisfy the oath requirement in postconviction motions. The court reasoned that this particular oath provides the same protection against perjury as a notarized oath." (citation omitted)). We see no reason why the oath found sufficient enough to ensure the veracity of the rule 3.850 motion itself should be found insufficient to ensure the veracity of the affidavits filed in support of the motion.

We therefore conclude that based on the plain language of section 92.525 and the supreme court's application of the statute in Shearer, the affidavits attached to Wilson's amended rule 3.850 motion were not legally insufficient. Accordingly, we reverse the postconviction court's denial of the motion and remand for the court to address the motion on its merits.

Reversed and remanded.

SILBERMAN and LaROSE, JJ., Concur.