DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JONATHAN NEELEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-3335

[September 7, 2022]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Caroline C. Shepherd, Judge; L.T. Case No. 502001CF009105XXXMB.

Jonathan Neeley, Arcadia, pro se.

Ashley Moody, Attorney General, Tallahassee, and Mitchell Egber, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from the circuit court's order denying with prejudice his motion for postconviction relief based on alleged newly discovered evidence of an uncommunicated plea offer. The circuit court based its denial on its finding that the motion's attached affidavit was "facially insufficient to support a newly discovered evidence claim as it was not sworn by the affiant before an individual authorized to administer oaths." On appeal, the defendant argues that the motion's supporting affidavit, despite not having been sworn by the affiant before an individual authorized to administer oaths, was facially sufficient, because the affidavit contained a signed written declaration complying with section 92.525(2), Florida Statutes (2020).

We agree with the defendant's argument, based on section 92.525(2)'s plain language and precedent from our Supreme Court. We thus reverse the circuit court's order and remand for consideration of the defendant's postconviction motion on the merits. We write this opinion not only to explain our reasoning, but also to explain why the state's reliance on *Placide v. State,* 189 So. 3d 810 (Fla. 4th DCA 2015), is misplaced.

## Our Reasoning

Florida Rule of Criminal Procedure 3.850(c), after listing the seven required contents of a postconviction motion, states: "If the defendant is filing a newly discovered evidence claim based on … a newly discovered witness, the defendant shall include an affidavit from that person as an attachment to his or her motion."

Here, the motion's attached affidavit, after describing the alleged newly discovered evidence of an uncommunicated plea offer, concluded with the following verification followed by the affiant's signature:

> I declare under the penalty of perjury pursuant to S. 92.525(2) F.S. (2020) that I have read the foregoing affidavit and the statements 1 thru 5 are true and correct.

Even though this verification was not completed under oath or affirmation taken or administered before an officer authorized to administer oaths, the verification was legally sufficient under sections 92.525(1)(c), (2), and (4)(c), Florida Statutes (2020). Section 92.525 pertinently provides:

> (1) If authorized or required by law, by rule of an administrative agency, or by rule or order of court that a document be verified by a person, the verification may be accomplished in the following manner:
>
> (a) Under oath or affirmation taken or administered before an officer authorized under s. 92.50 to administer oaths;
>
> (b) Under oath or affirmation taken or administered by an officer authorized under s. 117.10 to administer oaths; or
>
> ***(c) By the signing of the written declaration prescribed in subsection (2).***
>
> ***(2) A written declaration means the following statement: "Under penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true," followed by the signature of the person making the declaration***, except when a verification on information or belief is permitted by law, in which case the words "to the best of my knowledge and belief" may be added. The written

2

declaration shall be printed or typed at the end of or immediately below the document being verified and above the signature of the person making the declaration.

....

(4) As used in this section:

....

***(c) The requirement that a document be verified means that the document must be signed or executed by a person and that the person must state under oath or affirm that the facts or matters stated or recited in the document are true, or words of that import or effect.***

§ 92.525, Fla. Stat. (2020) (emphases added).

Breaking down the plain language of sections 92.525(2) and (4)(c) into three elements, a signed written declaration being offered as a legally sufficient verification must show that the affiant has:

(1) made the declaration "under penalties of perjury";
(2) "read the foregoing [document]"; and
(3) indicated that "the facts or matters stated or recited in the document are true, or words of that import or effect."

Here, the affiant's verification satisfies all three elements, as shown by the following numerical notations which we have inserted to correspond with our numerical listing above:

> **(1)** I declare under the penalty of perjury pursuant to S. 92.525(2) F.S. (2020) that **(2)** I have read the foregoing affidavit and **(3)** the statements 1 thru 5 are true and correct.

Our decision follows our Supreme Court's precedent in *State v. Shearer*, 628 So. 2d 1102 (Fla. 1993). In *Shearer*, the court was asked the following certified question of great public importance: "Is the written declaration found in section 92.525, Florida Statutes (1991), an acceptable alternative oath which may be used in a rule 3.850 motion in place of the notary signature requirement of rule 3.987?" *Id.* at 1102. The court answered in the affirmative, reasoning:

> [The oath from subsection 92.525(2)] starts with the words,
> "Under penalties of perjury." Information in the motion must
> be based on personal knowledge, not on mere belief,
> supposition, or speculation. A postconviction movant who
> falsely signs this oath could be convicted of perjury just as
> one who falsely signs the oath currently set out in rule 3.987.

*Id.* at 1103.

Our decision also is consistent with, if not indistinguishable from, our sister court's decision in *Wilson v. State*, 202 So. 3d 135 (Fla. 2d DCA 2016). In *Wilson*, the defendant's rule 3.850 postconviction motion alleged he had obtained newly discovered evidence from six new witnesses. *Id.* at 136. The defendant attached each witness's affidavit, which included section 92.525(2)'s required attestation. *Id.* The circuit court denied the defendant's motion, agreeing with the state's response that "the affidavits were legally insufficient," in part because the affidavits did not indicate the witnesses had sworn under oath before a person having authority to administer an oath. *Id.* After the circuit court gave the defendant leave to amend, the defendant did so, but only by reducing the number of affidavits from six to two. *Id.* The circuit court summarily denied the defendant's amended motion, concluding that "the affidavits submitted by the defendant from these witnesses remain legally insufficient." *Id.*

On appeal, the Second District reversed. The Second District pertinently reasoned:

> The affidavits at issue here each contained an attestation
> tracking the language of section 92.525(2), and we conclude
> that such is sufficient to satisfy the requirements of rule
> 3.850(c)[]. We initially note that the rule only requires an
> affidavit; it does not specify how the affidavit is to be sworn.
> Additionally, the Florida Supreme Court has held that "the
> unnotarized oath from subsection 92.525(2) [can] be used in
> a rule 3.850 motion." *State v. Shearer*, 628 So. 2d 1102, 1103
> (Fla. 1993); *see also Hyden v. State*, 117 So. 3d 1 (Fla. 2d DCA
> 2011) ("The Florida Supreme Court has determined that the
> oath set forth in section 92.525(2) is sufficient to satisfy the
> oath requirement in postconviction motions. The court
> reasoned that this particular oath provides the same
> protection against perjury as a notarized oath." (citation
> omitted)). We see no reason why the oath found sufficient
> enough to ensure the veracity of the rule 3.850 motion itself

should be found insufficient to ensure the veracity of the affidavits filed in support of the motion.

We therefore conclude that based on the plain language of section 92.525 and the supreme court's application of the statute in *Shearer*, the affidavits attached to [the defendant's] amended rule 3.850 motion were not legally insufficient. Accordingly, we reverse the postconviction court's denial of the motion and remand for the court to address the motion on its merits.

202 So. 3d at 136-37.

We agree with the Second District's reasoning, which applies equally to the instant case.

### Why the State's Reliance on Our Decision in *Placide* is Misplaced

In *Placide*, we affirmed the circuit court's denial of a defendant's rule 3.850 postconviction motion alleging newly discovered evidence, concluding that the affidavit which the defendant had attached to his motion was not only inherently incredible, but also not properly sworn. 189 So. 3d at 813. As to the latter conclusion, we reasoned:

The affidavit states: "I SWEAR OR AFFIRM THAT THE ABOVE AND FOREGOING REPRESENTATIONS ARE TRUE AND CORRECT ***TO THE BEST OF MY INFORMATION, KNOWLEDGE, AND BELIEF***." This statement would be insufficient to constitute a signed, written declaration under section 92.525(2), Florida Statutes (2014). Among other things, a written declaration must state that it is made "[u]nder penalties of perjury." § 92.525(2), Fla. Stat. (2014). ***The qualifying language, "to the best of my information, knowledge, and belief," is an insufficient oath to support a postconviction motion.*** *State v. Shearer*, 628 So. 2d 1102, 1103 (Fla. 1993) (holding that the qualifying language that allegations were "true and correct to the best of his knowledge" was insufficient).

189 So. 3d at 813-14 (emphases added).

After providing the foregoing reasoning, we added a second ***independent*** reason for the affidavit's legal insufficiency:

5

The affidavit is further insufficient because it does not reflect that it was sworn to before an individual authorized to administer oaths.

....

[Here, the affidavit's] purported oath contains improper qualifying language that equivocates as to the truth of the statement and is not made under penalty of perjury. The statement signed by the notary provides only: "I, the undersigned Notary Public, do hereby affirm that [the affiant] personally appeared before me ... and signed the above Affidavit as [her] free and voluntary act and deed." The notary affirms merely that [the affiant] signed the statement, not that [the affiant] made the statement under oath. Thus, the statement is not properly verified and is insufficient to support a newly-discovered-evidence claim.

189 So. 3d at 814.

What we had described in *Placide* as two **_independent_** reasons for the affidavit's legal insufficiency, the state here has attempted to re-characterize into a single overarching reason for the affidavit's legal insufficiency. That is, the state attempts to re-characterize *Placide* as holding that regardless of whether the affidavit's signed written declaration had complied with section 92.525(2), the affidavit also had to have complied with section 92.525(1)(a) or (b) by being verified under oath or affirmation taken or administered before an officer authorized to administer oaths. However, the state's re-characterization of *Placide* expressly conflicts with our supreme court's decision in *Shearer* and section 92.525(1)(c)'s plain language, which unambiguously provides that a verification also may be accomplished "[b]y the signing of the written declaration prescribed in subsection (2)." Here, as explained above, the affidavit's verification contained a signed written declaration complying with section 92.525(2)'s elements.

### _Conclusion_

Based on the foregoing, we reverse the circuit court's order denying with prejudice the defendant's motion for postconviction relief. We remand for the circuit court to consider the defendant's motion for postconviction relief on the merits by either holding an evidentiary hearing or denying the motion if the record conclusively establishes the defendant is not entitled to relief.

*Reversed and remanded with instructions.*

CONNER and FORST, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**