DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TRENT FITZGERALD KING,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-0921

[November 12, 2025]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Edward H. Merrigan, Jr., Judge; L.T. Case No. 17-7819CF10A.

Trent Fitzgerald King, Plant City, pro se.

James Uthmeier, Attorney General, Tallahassee, and Anesha Worthy, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Defendant appeals the circuit court's order summarily denying his Florida Rule of Criminal Procedure 3.850 motion where he raised various claims of ineffective assistance of counsel. *See* Fla. R. Crim. P. 3.850. The State properly concedes error, and we reverse.

Defendant was charged with carjacking and robbery. After a jury trial, he was found guilty of a lesser included offense of grand theft auto and was found not guilty of robbery. The circuit court sentenced him to five years of probation.

After his conviction was affirmed on direct appeal, Defendant filed the rule 3.850 motion at issue, raising multiple claims of ineffective assistance of counsel. The State filed a response asserting the motion was legally insufficient because the motion did not contain Defendant's oath as rule 3.850 requires. The State requested the motion be denied without prejudice to allow Defendant a chance to file an amended motion correcting the defect.

The circuit court denied the motion but did not afford Defendant an opportunity to amend the motion to include the required oath.

Our supreme court has held that when an initial rule 3.850 motion "is determined to be legally insufficient for failure to meet either the rule's or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion." *Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007). *Spera* also acknowledges that such postconviction motions must be "under oath and penalty of perjury that all the facts alleged are true." *Id.* at 762; *see also Stevens v. State*, 947 So. 2d 1227, 1228 (Fla. 2d DCA 2007).

We reverse because the circuit court summarily denied the motion without allowing Defendant an opportunity to cure the defect.

*Reversed and remanded.*

KUNTZ, C.J., CIKLIN and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***